ALEXANDRIA COOPERAGE CO. et al. v.
RAILROAD COMMISSION OF
LOUISIANA et al.

(Feb. 13, 1911.)

*(Syllabus by Editorial Staff.)*

APPEAL AND ERROR (§ 1126*)—PROSECUTION
OF APPEAL—AFFIRMANCE.

Where, pending an appeal from an order
of the Railroad Commission fixing rates, appellants show that the order was recalled, and
submitted the matter to the court for such orders as should be necessary, the judgment will
be affirmed, at appellants' cost.

[Ed. Note.—For other cases, see Appeal and
Error, Cent. Dig. § 4430; Dec. Dig. § 1126.*]

Appeal from Twenty-Second Judicial
District Court, Parish of East Baton Rouge;
H. F. Brunot, Judge.

Suit by the Alexandria Cooperage Company and others against the Railroad Commission of Louisiana and others. From a
judgment for defendants, plaintiffs appeal.
Affirmed.

Emerson Bentley, for appellants. Walter
Guion, Atty. Gen. (R. G. Pleasant, of counsel), for appellees.

PROVOSTY, J. In this suit a number of
corporations, manufacturers of and dealers
in staves, complain of an order of the State
Railroad Commission changing the transportation rates on staves, and ask for an injunction against the enforcement of said order. The court ruled the Railroad Commission and the several railroads interested to
show cause why the injunction should not
be granted, and, after hearing, refused the
injunction. The plaintiffs obtained an appeal, and lodged it in this court. They now
inform this court that since the appeal was
taken the Railroad Commission has recalled
its said order, thereby according them the
relief they sought by the suit, and that,
therefore, they "submit the matter to the
court for such orders and decrees as may
be necessary in the premises."

The appeal being no longer prosecuted by
the appellants, we affirm the judgment, at
their cost. Guy v. McDuffie, 123 La. 641, 49
South. 222; Schwan v. Peterman, 123 La.
725, 49 South. 486.

---

(54 South. 358.)

No. 18,181.

DREIFUS v. COLONIAL BANK &
TRUST CO.

(Feb. 13, 1911.)

*(Syllabus by the Court.)*

1. ATTORNEY AND CLIENT (§ 133*)—RIGHT TO
ATTORNEY'S FEES—EMPLOYMENT.

However valuable the services of an attorney may have been to a party in a suit, in
which he represented others having a similar
interest, he cannot recover a fee from parties
who have not employed him.

[Ed. Note.—For other cases, see Attorney
and Client, Dec. Dig. § 133.*]

2. QUESTION NOT CONSIDERED.

The facts render it unnecessary for the
court to consider the case where a party, suing
for the benefit of himself and all others similarly situated, has thereby preserved common
rights, or recovered common property, in the
interest of all concerned.

Appeal from Civil District Court, Parish of
Orleans; E. K. Skinner, Judge.

Proceedings for liquidation of the Colonial
Bank & Trust Company. To the provisional
account of the liquidating commissioners,
Titche & Rogers and others filed an opposition which was dismissed, and opponents appeal. Affirmed.

Titche & Rogers and Lazarus, Michel &
Lazarus, in pro. per. Dart, Kernan & Dart
and Henry L. Favrot, for appellee.

LAND, J. The liquidating commissioners

of the Colonial Bank & Trust Company filed a provisional account of their administration, showing a balance of $49,133.05, to be divided among 24,000 shares of stock at $2 per share, leaving a net balance of $1,133.05, besides uncollected assets amounting to $210,-192.44.

The law firms of Titche & Rogers and of Lazarus, Michel & Lazarus filed an opposition, claiming an allowance of $2,000 as counsel fees for beneficial services rendered in the matter of the liquidation of said corporation. The opposition was dismissed, and the opponents have appealed.

The history of the previous litigation is set forth in the opinion in Dreifus v. Colonial Bank & Trust Company, 123 La. 61, 48 South. 649.

In that case opponents appeared as counsel for Joseph Rittenberg and Alfred Hurwitz, two stockholders, owning together 401 shares out of 24,000, constituting the capital stock of the corporation. These stockholders intervened in the friendly suit for the appointment of a liquidator, and prayed for the appointment of a receiver.

Pending the suit, a stockholders' meeting was held, and by a unanimous vote it was resolved that the corporation be liquidated, and that three certain stockholders be selected as liquidators in accordance with the provisions of the charter. These liquidators filed a petition in the proceedings, praying that their appointment be recognized, and, if necessary, be confirmed by proper action of the court, and alleging that they had agreed to serve without compensation, and would do so if their appointment was confirmed. The two stockholders mentioned opposed the confirmation of the three liquidators on various grounds.

The court set aside the appointment in limine of the German-American Bank, as liquidator, and appointed two receivers. From this decree the Colonial Bank & Trust Company and other parties took a suspensive appeal. During these proceedings the liquidation of the bank went on.

On the appeal the judgment of the lower court was set aside, and the appointment of the three liquidators was confirmed, and Rittenberg and Hurwitz were condemned to pay the costs of their opposition and costs of appeal.

We cannot perceive how the corporation was pecuniarily benefited by the services of counsel for the two stockholders, who not only opposed the appointment of the German-American Bank as liquidator, but sought by injunction to prevent the meeting of the stockholders for the purpose of electing liquidators under the provisions of the charter.

These stockholders were finally defeated in their attempt to have a receiver appointed, and also in their opposition to the recognition and confirmation of the liquidators selected under the provisions of the charter by the stockholders.

The appointment of the German-American Bank as liquidator, and the appointment of the receivers, were both set aside as the result of the decision of the Supreme Court that the stockholders had the legal right to select liquidators of the affairs of the corporation. The "hostile stockholders" contributed nothing to this result.

There is no equity in the demand of the opponents, and it would serve no useful purpose to review the jurisprudence as to the right of an attorney to recover fees from parties who have not employed him, but who have been directly benefited by his services. The jurisprudence of this state has uniformly denied such right in cases where the services of counsel have been most valuable to parties not represented by him. Roselius v. Delachaise, 5 La. Ann. 481, 52 Am. Dec. 597; Forman v. Sewerage & Water Board, 119 La.

49, 43 South. 908. There may be exceptions to this rule in other jurisdictions, where the services of counsel have preserved common rights or common property, in the interest of all parties concerned. It will be time enough to consider such a case when it is presented.

Judgment affirmed.