LECHE, J. The judgment and decree heretofore entered in this case are hereby reinstated and made final.

O'NIELL, J., dissents.

========

(92 South. 737)

No. 25063.

NEW YORK LIFE INS. CO. v. DORSETT et al.

(March 27, 1922. On Rehearing by the Whole Court, June 22, 1922. On Motion to Correct Decree, June 30, 1922.)

*(Syllabus by Editorial Staff.)*

1. Interpleader ⬤⟳1—Concursus; proceeding by insurer to have deposit in court treated as discharge of obligation held a "concursus."

A suit by an insurance company against parties making conflicting claims under a life policy to have a deposit of the fund in the registry of the court accepted and declared to be a complete discharge of its liability was a "concursus."

2. Judgment ⬤⟳632—Insurer entitled to rely on judgment between claimants to policy determining title.

Where conflicting claims under life policies were made by different persons, the insurer was entitled to abide by the decision in a suit between the claimants, determining the ownership of the policies.

On Rehearing.

3. Interpleader ⬤⟳35 — Concursus; plaintiff held not entitled to attorney's fees.

An insurance company, bringing a concursus proceeding against persons making conflicting claims under a life policy, was not entitled to an allowance of attorney's fees out of the fund deposited in court by it.

O'Niell, J., dissenting.

On Motion to Correct Decree.

4. Equity ⬤⟳415—Should be clear and concise.

Litigants are entitled to decrees couched in language clear and concise, and not subject to misconstruction.

O'Niell, J., dissenting.

Appeal from Sixteenth Judicial District Court, Parish of St. Landry; B. H. Pavy, Judge.

Suit by the New York Life Insurance Company against Mrs. Sallie Dorsett and others. Judgment for plaintiff, and defendants appeal. Amended and affirmed.

Dudley L. Guilbeau, of Opelousas, for appellant American Bank & Trust Co.

Fontenot & Swords and John W. Lewis, all of Opelousas, for appellant Dorsett.

Dubuisson & Bureigh, of Opelousas, for appellee.

By Division A, composed of Chief Justice PROVOSTY and Justices OVERTON and LECHE.

LECHE, J. [1] In this proceeding, the plaintiff, recognizing its liability on two life insurance policies which it had issued on the life of J. Leer Lacombe, the ownership of which policies was in contest between the succession of Lacombe and the American Bank & Trust Company of Eunice, deposited the proceeds of said policies in the registry of the district court for the parish of St. Landry, cited the claimants of said policies to litigate their rights therein, and prayed "that the deposit of said fund be accepted and declared to be a complete discharge of its liability in the premises." In other words, the plaintiff admits its liability for the value of the policies, wishes to be dis-

charged from such liability without incurring costs and penalties, to all of which it is entitled in law and equity, but, not knowing who is rightfully entitled to receive the proceeds of said policies, it prays the court to accept and hold such proceeds until the rights of the several claimants thereto have been finally adjudicated, and then that it pay and turn same over into the hands of the claimant who is the real and legal owner thereof. The proceeding is therefore a concursus, pure and simple, often resorted to in our practice, and the only logical method of settling the conflicting legal claims of persons who assert rights to a common fund or to the same property.

[2] The ownership of the policies of insurance, and therefore of the proceeds thereof, has this day been determined and decided in the case of Mrs. Sallie Dorsett, Administratrix, v. L. E. Thomas, State Bank Examiner et al., No. 24751 (La.) 92 South. 734,[1] of the docket of this court, and by that decision the issue of ownership of said policies passed out of this case, and the plaintiff is entitled to abide by that decision.

Plaintiff in the prayer of its petition prays further for costs and for attorney's fees. The judgment of the district court granted all the relief prayed for by plaintiff, and allowed it $500, out of the fund deposited, as attorney's fees. This allowance is properly resisted and contested by defendants and appellants. Plaintiff and appellee made no appearance in this court, and we know of no principle in law or justice justifying the award of attorney's fees to the holder of a fund, who deposits same in court in order to provoke a concursus.

The judgment appealed from is amended by striking out the award of $500 to plaintiff, as attorney's fees, and as thus amended it is affirmed; appellee to pay costs of appeal.

[1] Ante, p. 60.

On Rehearing.

By the WHOLE COURT.

LECHE, J. A rehearing was granted herein for two reasons; first, because the main question at issue in this proceeding, the same as that involved in the case of Mrs. Sallie Dorsett, Administratrix, v. L. E. Thomas, State Bank Examiner et al., No. 24751 (La.) 92 South. 734,[1] was reopened for consideration by the granting of a rehearing in that case; and, secondly, because, although plaintiff had filed a brief in support of its demand, that brief through error or inadvertence was not inserted in the record, and escaped the attention of the court when the case was first decided.

The ownership of the policies of life insurance in suit was this day again declared to be in Mrs. Sallie Dorsett, administratrix of the succession of J. Leer Lacombe, and that question is now finally determined by the decree rendered in that case.

[3] The authorities cited in brief by plaintiff in support of its claim for attorney's fees are from other states, where the common law prevails and where the pleading known as a "bill of interpleader" is recognized. In this state it has often been held that an attorney's fees are not recoverable from one who has not employed him, however valuable the result of his services may have been to such person. Forman v. Sewerage & Water Board, 119 La. 48, 43 South. 908, 12 Ann. Cas. 773; Dreifus v. Colonial Bank & Trust Co., 127 La. 1086, 54 South. 358; In re McPherson's Estate, 129 La. 182, 55 South. 756.

The case of Dunlap v. Whitmer, 137 La. 792, 69 South. 189, cited by plaintiff, was a concursus proceeding, in which attorney's fees were refused to the depositor of the fund, and the reason advanced in that opinion for such refusal was that the depositor

[1] Ante, p. 60.

or provoker of the concursus had an interest in the fund. The decision assimilates our consursus with the common-law bill of interpleader, and cites as authority Grover v. Sentell, 153 U. S. 465, 14 Sup. Ct. 898, 38 L. Ed. 785. But from this it does not necessarily follow that one who provokes a concursus even without having an interest in the fund to be distributed is entitled to his attorney's fees.

We therefore feel constrained to adhere to the rule established by our own jurisprudence.

Of course a litigant is sometimes allowed attorney's fees as damages, but in this case there is no pretense that plaintiff is entitled to damages against the owner of the fund.

The decree heretofore rendered is therefore reinstated and made final.

O'NIELL, J., dissents.

### On Motion to Correct Decree.

By the WHOLE COURT.

LECHE, J. Our attention is called by the plaintiff: (1) That on rehearing our former decree was reinstated; (2) that our former decree amended the judgment appealed from only in so far as to refuse the demand for attorney's fees allowed to plaintiff by the district court; and (3) that in the decretal part of the judgment appealed from there is a clause ordering that the proceeds of the insurance policies deposited in the registry of the court be paid to the state examiner of state banks and to the special agent and liquidators of the American Bank & Trust Company. Our attention is further called to the fact that it might be inferred that the portion of the judgment of the district court ordering the proceeds of the policies to be paid to the state bank examiner and liquidator of the American Bank & Trust Company was affirmed and made the final judgment of this court, while on the companion case, No. 24751, Mrs. Sallie Dorsett, Administratrix, v. L. E. Thomas, State Bank Examiner et al. (La.) 92 South. 734,[1] involving purely the ownership of said policies, the decree ordered that these policies be turned over to Mrs. Sallie Dorsett, administratrix of the succession of J. Leer Lacombe, to be by her collected in her said official capacity as administratrix.

The error is patent and clerical in its nature, and it arises from the fact that the relief which plaintiff prays for in its petition is "that the deposit of said fund may be accepted and declared to be a complete discharge of petitioner's liability in the premises," and that, this relief having been granted, plaintiff had no further interest in the disposition of the deposit.

[4] Litigants, however, are entitled to decrees couched in language clear, concise, and not subject to misconstruction; wherefore, with that end in view and with the consent of all parties, our decree is restated as follows:

The judgment appealed from is amended by refusing plaintiff's demand for attorney's fees, and by avoiding and annulling that part of the decree ordering the proceeds of the insurance policies to be paid to the state examiner of state banks and the special agent and liquidator of the American Bank & Trust Company, and, as thus amended, said judgment is affirmed.

O'NIELL, J., dissents.

[1] Ante, p. 60.