### NEW YORK LIFE INS. CO. v. BIDOGGIA et al.

(District Court. D. Idaho. N. D.    September 4, 1926.)

No. 941.

Interpleader ⬧35.

Insurance company, because of unreasonable delay in bringing interpleader suit, *held* not entitled to its costs after deposit of fund in court under Act Feb. 22, 1917 (Comp. St. § 991a), amended Feb. 25, 1925 (Comp. St. § 991a), or under Act May 8, 1926.

At Law. Interpleader suit by the New York Life Insurance Company against Martin Bidoggia and others. Judgment denying plaintiff's claim for costs.

J. H. Forney, of Moscow, Idaho, for plaintiff.

Ezra R. Whitla, of Cœur d'Alene, Idaho, for defendants Bidoggia.

DIETRICH, District Judge. The question has arisen as to whether or not the plaintiff should be paid out of the fund deposited in court its costs, including attorney's fee, which it claims in the amount of $150.

It seems that the original act under which the suit is brought (approved February 22, 1917 [39 Stat. 929; Comp. St. § 991a]) provided that the court should have the power, among other things, "to hear said bill and interpleader and decide thereon according to the practice in equity; to discharge said complainant from further liability upon the payment of said insurance or benefit as directed by the court, less complainant's actual court costs." But the amendatory Act of February 25, 1925 (43 Stat. 976 [Comp. St. § 991a]), makes no provision at all in respect to costs. In view of the fact that the suit was commenced in 1925, it is doubtful whether the later amendatory act of May 8, 1926, is applicable; but, even if it be so held, it, like the first amendatory act, makes no provision for costs.

Apart from this statute, the weight of authority would seem to support the view that an interpleading plaintiff may be allowed his costs, including reasonable attorney's fee, out of the fund deposited in court. Among other decided cases see Trustees v. Greenough, 105 U. S. 527, 26 L. Ed. 1157; Louisiana State Lottery Co. v. Clark (C. C.) 16 F. 20; McNamara v. Provident Assurance Society, 114 F. 910, 52 C. C. A. 530; Mutual Life v. Lane (C. C.) 151 F. 276; Mutual Life v. Farmers' Nat. Bank (C. C.) 173 F. 390; Thomas Kay Woolen Mill Co. v. Sprague (D. C.) 259 F. 338. The defendants Bidoggia cite to the contrary, Helmken v. Meyer, 118 Ga. 657, 45 S. E. 450; Metropolitan Life Ins. Co. v. Kinsley, 269 Ill. 529, 109 N. E. 1011; Groves v. Sentell, 153 U. S. 465, 14 S. Ct. 898, 38 L. Ed. 785; New York Life Ins. Co. v. Dorsett, 152 La. 67, 92 So. 737; Dunlap v. Whitmer, 137 La. 792, 69 So. 189.

The fact that in the original act the subject of costs was expressly covered, and in the amendatory act this provision is eliminated, leaves the correct construction of the latter act subject to considerable doubt. But I am inclined to dispose of the plaintiff's claim upon another ground.

If it be conceded that Eynon had sufficient basis in law and in fact upon which to predicate a debatable claim to the proceeds of the policy, a question which I do not decide, it was the duty of the plaintiff to act promptly. The insured died on June 28, 1925. Inasmuch as plaintiff makes no question, it is to be presumed that notice of death was given to it without unreasonable delay and proof thereof was seasonably furnished. It either neglected or declined to pay the Bidoggias, with the result that on November 14, 1925, they felt impelled to bring and did bring suit in a state court of competent jurisdiction to recover upon the policy, and it did not bring this action until December 12, 1925. Had it acted promptly, the Bidoggias would not have been under the necessity and would not have been put to the expense of bringing a suit in the state court. The policy is small—only $1,000—and if, as is to be assumed, they must pay the expense of bringing the suit in the state court, including attorney's fee for service in respect thereto, and pay their own expenses incurred in this suit, including attorney's fee, and pay the plaintiff's claim for expense, including attorney's fee, and the

Clerk's commission on the deposited fund, the burden upon them would be excessive; a burden partly imposed, as already suggested, by the delay upon the part of the plaintiff in bringing this action. The bringing of such an action is a comparatively simple matter. The Bidoggias not only refrained from interposing obstacles, but gave active assistance in getting service upon Eynon and in moving the case to a final determination. Even so, more than fourteen months have elapsed since plaintiff's obligation accrued.

I am therefore inclined to think that, in the exercise of sound discretion, assuming that I have the discretion under some circumstances to allow a reasonable attorney's fee, plaintiff's claim should be denied.