ROSS et al. v. INTERNATIONAL LIFE INS. CO.

Circuit Court of Appeals, Sixth Circuit. February 9, 1928.

No. 4954.

1. Judgment ⬅217—Decree, to be final, must terminate litigation on merits; "final decree."

A decree, to be final must terminate the litigation on its merits, so that there is nothing left for the court to do but to execute the decree already rendered.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Final Decree or Judgment.]

2. Courts ⬅274(11)—Under decree adjudging defendants entitled to insurance money and reserving their respective rights thereto, court had jurisdiction of insurer's interpleader.

In suit to cancel life insurance policy, decree that defendants recover face of policy, that proceeds be paid into court, subject to court's future orders and reserving respective rights of defendants therein, held final only so far as it adjudged company liable on policy, and court

had jurisdiction to entertain insurer's bill of interpleader, though some of defendants resided in a district other than that in which court sat.

3. Interpleader ⬅6—Insurer, paying face of life policy into court, held entitled to require claimants to interplead (28 USCA § 41, par. 26).

Where insurance company, which paid face of life insurance policy into court as required by decree in company's action to cancel policy, and different parties claimed right to money from same source, held that insurer was authorized to maintain proceeding to require various claimants to interplead with each other and with original defendants to determine conflicting claims, either under 28 USCA § 41, par. 26, or under general equity practice.

Appeal from the District Court of the United States for the Western District of Tennessee; Harry B. Anderson, Judge.

Suit by the International Life Insurance Company against Thomas B. Carroll and others to cancel life insurance policy. Decree for defendants was affirmed on appeal, and plaintiff filed bill to require defendants and Sara H. Ross, individually and as executrix of John W. Ross, deceased, and others, to interplead. From an order granting the interpleader, said Sara H. Ross and others appeal. Affirmed.

John A. Pitts, of Nashville, Tenn. (Pitts, McConnico & Hatcher, of Nashville, Tenn., E. W. Ross, of Savannah, Tenn., and W. G. Timberlake, of Jackson, Tenn., on the brief), for appellants.

John M. Atkinson, of St. Louis, Mo., for appellee.

Before DENISON, MOORMAN, and KNAPPEN, Circuit Judges.

MOORMAN, Circuit Judge. Appellee filed a bill of interpleader in a cause in which it was plaintiff and Thomas B. Carroll, James L. Lamping, and S. S. McConnell were defendants. The bill sought to require the defendants thereto, consisting of various claimants to the proceeds of an insurance policy to interplead with each other and with the original defendants to determine who was entitled to the proceeds of the policy. From an order granting this relief, and enjoining the prosecution of a suit in the chancery court of Davidson county, Tennessee, as well as other suits brought against appellee in the state courts, Sara Ross, individually and as executrix of John W. Ross, deceased, and the five infant children of Sara and John W. Ross, have appealed.

The original suit sought a cancellation of the policy upon the several grounds of fraud-

ulent representations in procuring it, want of insurable interest of the beneficiaries named therein in the life of the insured, and suicide of the insured, terminating the policy under its express terms. The defendants therein (the beneficiaries named in the policy and their assignee) contested these several claims, and by cross-bill asserted their ownership of and the plaintiff's liability to them under the policy. A judgment in that cause was affirmed on appeal to this court. International Life Ins. Co. v. Carroll (C. C. A.) 17 F.(2d) 42, 50 A. L. R. 362. While the appeal was pending, these appellants filed the suit in Davidson county, asking that the insurance company be required to pay the policy into court, and that they be adjudged the proceeds thereof as against Carroll and Lamping. Three other suits were filed in state courts against Lamping and Carroll, in which garnishments were issued against the insurance company, and still another suit, in the nature of a general creditors' suit, was filed against the same defendants, seeking to require the payment of the policy into the chancery court of Decatur county. No steps were taken in any of these cases pending the appeal from the judgment of the District Court. Upon the affirmance of that judgment by this court, the insurance company paid the policy into the registry of the District Court and filed the bill asking for the order appealed from.

The decree that was affirmed had adjudged that the defendants recover of the insurance company the face value of the policy; that the attorneys representing the defendants be allowed a reasonable fee for their services; that the proceeds of the policy, with interest, be paid "into the registry of the court subject to the future orders of the court in this cause"; that the respective rights of defendants in and to "said recovery as between themselves is not adjudged by the court but is expressly reserved"; and that "all matters not expressly adjudicated are reserved for future determination, and the court does hereby retain jurisdiction of the premises for the entry of such further orders as it may deem fit and proper."

[1, 2] The questions argued before us relate more or less to this decree, as it affected or fixed the rights of Lamping, Carroll, and McConnell in the proceeds of the policy—whether it was interlocutory or final. A decree, to be final, must terminate the litigation on its merits, so that there is nothing left for the court to do but to execute the decree already rendered. Bostwick v. Brinkerhoff, 106 U. S. 3, 1 S. Ct. 15, 27 L. Ed. 73. This decree

was final in so far as it adjudged the insurance company liable on the policy and required it to pay the amount thereof into the registry of the court. It was not final in any other respect, for, although it adjudged that the defendants, Carroll, Lamping, and McConnell, recover that amount from the insurance company, it not only did not adjudicate their rights to the fund as among themselves, but reserved for future determination those and all other matters not therein expressly adjudicated. To give due effect to this reservation, the decree should be construed, we think, not as a judgment for the benefit of the defendants in the original suit, to the exclusion of others claiming the fund, but as a recovery by those defendants in behalf of themselves and all others according to their respective interests in the fund as such interests might thereafter be determined.

In view of the character of this original decree, there was jurisdiction in the court to entertain a bill against all the defendants therein, even though some of them resided in a district of the state other than that in which the court sat. Freeman v. Howe, 24 How. (65 U. S.) 450, 16 L. Ed. 749; Krippendorf v. Hyde, 110 U. S. 276, 4 S. Ct. 27, 28 L. Ed. 145; Julian v. Central Trust Co., 193 U. S. 93, 24 S. Ct. 399, 48 L. Ed. 629; Wells Fargo & Co. v. Taylor, 254 U. S. 175, 41 S. Ct. 93, 65 L. Ed. 205; Sherman National Bank of New York v. Shubert Theatrical Co. (2 C. C. A.) 247 F. 256. Some of these cases also hold that a federal court, in a proper case, may restrain one from prosecuting a suit in a state court which might have the effect of impairing or defeating the jurisdiction of the federal court. In the instant case the proceeds of the policy were paid into court under a decree reserving to the court the right to determine to whom they belonged. To protect this right of determination—a matter clearly within the court's jurisdiction—it was necessary for the court, as it was likewise within its power, to enjoin the prosecution of other suits seeking the same relief.

[3] In determining whether this proceeding is permissible by bill of interpleader or otherwise, it is not important that appellee, before bringing the original suit, knew that appellants were making some claims under the policy, or, similarly, that appellants knew of the pendency of that suit and, without intervening and asserting their claims therein as they could have done, delivered the policy to the defendants therein to be used in the prosecution of the suit. Neither of these cir-

cumstances nor any other referred to in argument has any controlling effect upon the character of this proceeding or the propriety of the court's action in issuing the order appealed from. The proceeding was clearly authorized under the Act of February 22, 1917, U. S. Code, tit. 28, § 41, par. 26 (28 USCA § 41). Furthermore, the situation was such as made appropriate a bill of interpleader under the general equity practice. Pomeroy's Equity Jurisprudence (3d Ed.) vol. 5, § 43. The different parties were claiming that the obligations assumed by appellee under the policy were due them; their several claims were all derived from the same source; the appellee claimed no interest in the proceeds of the policy; and it had not, as we construe the original decree, incurred any independent liability to any claimant, although it had been sued, and would probably suffer injury from the conflicting claims. On this basis it required no unauthorized extension of the equity practice to permit the filing of a bill of interpleader.

The decree is affirmed.