PHŒNIX MUT. LIFE INS. CO. OF HARTFORD, CONN., v. LAFFERTY et al.
ÆTNA LIFE INS. CO. v. SAME.

Nos. 4149, 4150.

District Court, S. D. Iowa, Davenport Division.

July 20, 1936.

C. D. Waterman and Wayne G. Cook, both of Davenport, Iowa, for petitioners.

Edmond M. Cook and Walter M. Balluff, both of Davenport, Iowa, for respondent Lafferty.

Fred E. Fuller (of Welles, Kelsey & Cobourn), of Toledo, Ohio (Realff Ottesen, of Davenport, Iowa, and Havner, Flick & Powers, of Des Moines, Iowa, of counsel), for other respondents.

DEWEY, District Judge.

The above-entitled suits came on for hearing in open court at Des Moines,

Iowa, on the 29th day of June, 1936, on petitions filed by all the respondents other than H. R. Lafferty, administrator, for rehearing and motions to vacate and set aside the final decrees entered in these cases and to dismiss the proceedings, and same were argued and submitted.

The questions raised and urged on this rehearing are:

First. That the original bill of interpleader raises controversies between the interpleader and citizens of the same state and this court is without jurisdiction to entertain the same.

Second. That the bill of interpleader raises questions on the secondary phase of the suit, to wit, controversies between claimants, and that these claimants were not all citizens of different states, and that at least two of them were residents of the state of Connecticut, and that this court is therefore without jurisdiction.

Third. That the respondent Chas. W. Cramer, administrator, cannot sue or be sued outside of the state of his appointment, and, being a necessary party, the court was without jurisdiction as to him, and this ousts the jurisdiction of this court, and the suit and injunction as against him should be dismissed.

The third question raised and urged, to wit, the question of the right of this court to entertain a suit against an administrator in another state, was decided by the court in the main case and will not be given further consideration.

The first two questions as to jurisdiction were not raised at the hearing and trial of the suit on its merits and were only inferentially raised in the pleadings as the respondents there only raised the question, as follows: "Answering Paragraph 13 of Plaintiff's petition, this defendant specifically denies that two or more adverse or bona fide claimants, citizens of different states, are claiming to be entitled to the money due under the policies mentioned, and asserts that the only bona fide claimants to the money due are this defendant and James S. Coburn, both residents and citizens of the State of Connecticut."

The facts do not warrant this claim as a bona fide claimant and a resident of Iowa was H. R. Lafferty, domiciliary administrator.

These objections to the jurisdiction come rather late as under the decision of this court on the trial of the case on its merits the insurance policies were canceled and the funds in the registry of this court were authorized to be paid to and were delivered by the clerk to H. R. Lafferty, domiciliary administrator.

The court can hardly shut its eyes to the situation presented by the pleadings and arguments that the real claimants are Grace K. Hugh and Mary E. King, residents of Ohio on the one hand, and H. R. Lafferty, domiciliary administrator on the other. Coburn is their assignee, and the general situation would indicate that Cramer, administrator, was appointed for the purpose of carrying out their attempts to recover for the benefit of Grace K. Hugh and Mary E. King, so that all the claimants other than the domiciliary administrator may be aligned on one hand and such administrator on the other.

There is no question, however, but that the question of the jurisdiction of the court may be raised at any time and in any manner, and I have endeavored to give it thorough consideration, although on account of the situation above presented the serious doubt should be construed as against the petitioner on this rehearing.

On this interesting and confusing question as to jurisdiction a recent article by Zechariah Chafee, Jr., has been published in the Yale Law Journal, April, 1936 (45 Yale L.J. 963, 973) entitled "The Federal Interpleader Act of 1936 [28 U.S.C.A. § 41 (26)]" wherein it is said:

"*Cocitizenship between the stakeholder and one claimant.* It will happen quite often that one claimant is a cocitizen of the stakeholder. For example, a New York life insurance company is sued by a New Yorker and a Pennsylvanian, each of whom claims to be the proper beneficiary under the policy. The language of Congress seems sufficiently flexible to authorize interpleader in this situation, since the act refers specifically to diversity among the claimants. The only remaining question is whether Congress can constitutionally confer jurisdiction upon the courts in spite of the partial cocitizenship. Article 3, § 2, of the Constitution says that the federal judicial power shall extend to 'Controversies * * * between Citizens of different States.' It is a fairly safe conclusion that this clause does not prevent federal interpleader in a case like that described above, since the necessary diversity of citizenship is supplied by the

main dispute between the New Yorker and the Pennsylvanian.

"The Supreme Court has never held that the constitutional grant of power to the federal courts is not broad enough to include a case in which one codefendant is of diverse citizenship from the plaintiff and the other is not. * .* *

"The argument can fairly be made that since these decisions the various Interpleader Acts have done just what Congress seems able to do within its constitutional powers, and have removed the bar of partial cocitizenship from interpleader, although the bar remains for federal litigation in general. There are sound reasons of policy for such a distinction. If federal jurisdiction be denied in an ordinary case of partial cocitizenship, the controversy can be adequately handled in the state courts. But interpleader against residents of different states is usually impossible in the state courts, and this is just as true when the stakeholder and one claimant are cocitizens. If the stakeholder cannot interplead in the United States courts, he cannot interplead at all. Hence those courts should not prevent relief under the 1936 act by imposing a requirement of complete diversity of citizenship which is not expressly stated in either the statute or the Constitution. Furthermore, the citizenship of the stakeholder is not practically important when the real controversy is that between the claimants, which is fought out in the second stage of the interpleader after the stakeholder has dropped out.

"The judicial authority, so far as it goes, is in favor of relief under the Interpleader Acts in such a situation. Ackerman v. Tobin, 22 F.(2d) 541 (C.C.A.8, 1927); Allen v. Hudson, 35 F.(2d) 330 (C.C.A.8, 1929); Mutual Life Ins. Co. v. Lott, 275 F. 365, 372 (D.C.Cal.1921).

"*Cocitizenship among claimants.* Must there be complete diversity of citizenship among the claimants? If there are only two claimants, they must, of course, be citizens of different states in order to bring an original bill of interpleader within the terms of the statute. However, it occasionally happens that three or more persons make claims and that some of these claimants are cocitizens. If the cocitizens have exactly the same interest, no real difficulty arises, for instance, when insurance money is claimed by the widow living in one state and by two children of a dead first wife living in another state. Under such circumstances the non-antagonistic cocitizen claimants may be considered aligned together on one side of the controversy in opposition to ·the claimant who lives in another state. This position is supported by several cases. Mutual Life Ins. Co. v. Lott, supra; New York L. Ins. Co. v. Bidoggia (D.C.) 15 F.(2d) 126; Id. (D.C.) 17 F.(2d) 112; Mutual L. Ins. Co. v. Bondurant, 27 F.(2d) 464 (C.C.A.6), certiorari denied 278 U.S. 630, 49 S.Ct. 30, 73 L.Ed. 548. The real problem arises when the cocitizen claimants are antagonistic to each other. For example, life insurance money is claimed by each of three successive assignees, two of whom live in the same state. Since the state courts of that state cannot force the nonresident third claimant to come in, the insurance company badly needs to interplead in the United States courts in such a situation, but it does seem doubtful whether the necessary diversity of citizenship exists. Here there is a real controversy between the two co-citizen assignees. The 1936 Act may mean that each claimant must reside in a ·separate state, no matter how numerous the claimants. On the other hand, jurisdiction exists if the statute can be construed to require only that two adverse claimants must be citizens °of different States. * * * This view is supported by five cases under the 1917 and 1926 Acts, which granted interpleader where some antagonistic claimants were apparently co-citizens. Lowther v. N. Y. Life Ins. Co., 278 F. 405 (C.C.A.3); Ackerman v. Tobin, supra; Ross v. International Life Ins. Co., 24 F.(2d) 345 (C.C.A. 6); Fidelity & Deposit Co. v. Reid & Co., 16 F.(2d) 502 (D.C.E.D.Pa.); Globe & Rutgers Fire Ins. Co. v. Brown, 52 F.(2d) 164 (D.C.W.D.La.). The point was left open in Mutual Life Ins. Co. v. Lott (D. C.) 275 F. 365. The liberal attitude adopted by the courts in giving relief under former Interpleader Acts may be adopted as well toward the act of 1936.

"The new statute * * * used the same words as the jurisdictional clause of the 1926 act, since both stakeholders and claimants seemed to be entirely satisfied with that clause, under which partial cocitizenship has created no serious obstacles to strict interpleader."

■ The above excerpts clearly show that there is an uncertainty with reference to the jurisdiction, and for reasons above

given I think that uncertainty should be resolved in favor of the successful parties in the main suit. The clerk will therefore enter the following order in each of the above suits:

The petition for rehearing and motion to vacate and set aside the final decree herein and to dismiss this suit having been argued and submitted, same are overruled, and the petitioners and movants (respondents), Charles W. Cramer, administrator, James S. Coburn, Grace K. Hugh, and Mary E. King, severally except.