YARRUT, Judge..
This is an appeal from a judgment in a concursus proceeding denying plaintiff’s claim to $6,000 deposited with defendants by interveno'r, Charles S. Pique, Jr., and *783 awarding the deposit to intervenor. Defendant, Evan-Belle Corporation, answered the appeal asking for reasonable attorney’s fees for instituting the concursus.
Plaintiff originally brought suit against defendants to recover the $6,000 deposited with defendants to guarantee the drilling of a well under a mineral lease from defendants (co-owners of the land in Assumption Parish) to intervenor, Pique, pursuant to the following lease requirement:
“Notwithstanding anything to the contrary contained in this lease, it is expressly agreed that if Lessee fails or refuses to comply with the drilling obligations' contained herein that Lessee shall pay to Lessor the sum of Six Thousand and 00/100 ($6,000.00) Dollars as full and complete liquidated damages and shall deposit with the Lessor contemporaneously with the delivery of this lease a certified check for the sum of Six Thousand and 00/100 ($6,000.00) Dollars, and that the said failure or refusal to comply with said drilling obligation shall ipso facto and without the necessity of putting in default make said Lessee liable to Lessor for said liquidated damages.”
Plaintiff, as assignee of Pique, since the well was drilled as required by the lease and the deposit non-forfeited, claims the deposit under a provision in his assignment from Pique, reading:
“Assignee further agrees to commence operations for the drilling of a well in search of oil, gas or other minerals on the acreage above described within one hundred and twenty days from the date of execution of the herein assigned lease. Failure to commence such operations within this given period of time will be a forfeiture of $6,000.00 by Assignee in favor of Lessors, and a nullification of this agreement of assignment of .lease. This forfeiture is in addition to the consideration paid by Assignee for the within lease.”
Defendants admitted receiving the $6,000 deposit from Pique, their lessee, but as it was being claimed by both Pique and plaintiff, and not knowing to whom to make payment, asked that Pique be made a party to the suit. As a result, Pique intervened claiming he deposited the $6,000 with defendants and denied the assignment to plaintiff included his $6,000 deposit.
In the mineral lease to Pique, defendants retained a one-eighth royalty. Pique then assigned the lease to plaintiff for a stated consideration of “$100 and other valuable considerations”, Pique retaining a one-sixteenth override. In addition, plaintiff assumed Pique’s obligation to pay the $6,000 forfeit, in the event of default in drilling one well.
The testimony by Pique and the attorney representing plaintiff in the transaction is that the real consideration for the assignment by Pique to plaintiff was $6,500, and that the $6,000 deposited with defendants was made by Pique, and his attorney made it clear to plaintiff, his client, that the latter would have to pay another $6,000 in case of his default in drilling a well.
Since defendants admitted the $6,000 was paid to them by Pique, and since plaintiff’s own attorney testified that the consideration for the assignment to his client was $6,500 in explanation of the recital in the assignment of “$100 and other valuable considerations”, and that plaintiff well knew if he defaulted in the drilling of a well he would have to pay an additional $6,000 as a penalty for such default, Pique is clearly entitled to the return of his $6,000 deposit.
With reference to defendant, Evan-Belle, claiming an attorney’s fee for converting the original suit by plaintiff into a concursus proceeding, there is no statute in Louisiana that allows a fee in such a case, nor was there any stipulation in the mineral lease or its assignment for the payment bf an attorney’s fee in case litigation should *784 ensue over any phase of the lease or assignment.
Our jurisprudence is unquestionably to the effect that, in the absence of statute or contract, attorney’s fees are not allowed for the prosecuting or defense of litigation. Bryan v. Ivey, La.App., 114 So.2d 88, and cases cited therein. In New York Life Ins. Co. v. Dorsett, 152 La. 67, 92 So. 737, it was held that one who provokes a concursus in no event is entitled to an attorney’s fee.
The only Louisiana case cited in support of the claim is that of Dunlap v. Whitmer, 137 La. 792, 69 So. 189, wherein our Supreme Court held that, since the case was not the ordinary concursus, and since plaintiff had a substantial and direct interest in the subject-matter of the litigation, plaintiff would not be entitled to an attorney’s fee from the fund on deposit. From this it is argued that the implication is clear that, where a plaintiff has no proprietary interest in the fund deposited, he is entitled to an attorney’s fee; and, since neither defendant here is claiming an interest in the fund, an attorney’s fee is due.
This implication was completely negatived by the Supreme Court in the case of New York Life Ins. Co. v. Dorsett, cited supra, [152 La. 67, 92 So. 738] viz.:
“The case of Dunlap v. Whitmer, 137 La. 792, 69 So. 189, cited by plaintiff, was a concursus proceeding, in which attorney’s fees were refused to the depositor of the fund, and the reason advanced in that opinion for such refusal was that the depositor or provoker of the concursus had an interest in the fund. The decision assimilates our concursus with the common-law bill of interpleader, and cites as authority Grover [Groves] v. Sentell, 153 U.S. 465, 14 S.Ct. 898, 38 L.Ed. 785. But from this it does not necessarily follow that one who provokes a con-cursus even without having an interest in the fund to be distributed is entitled to his attorney’s fees.
“We therefore feel constrained to adhere to the rule established by our own jurisprudence.
“Of course a litigant is sometimes allowed attorney’s fees as damages, but in this case there is no pretense that plaintiff is entitled to damages against the owner of the fund.”
For the reasons assigned, the judgment of the District Court awarding the $6,000 to intervenor, Charles S. Pique, Jr., and denying an attorney’s fee, and in all other respects, is affirmed; appellants to pay all costs.
Affirmed.