(51 South. 1008.)

No. 17,835.

LAUTERBACH v. SEIKMANN et al.

(March 14, 1910.)

*(Syllabus by the Court.)*

On Motion to Dismiss.

1. INTERPLEADER (§ 1*)—SEVERAL CLAIMANTS TO FUND—DISCRETION OF COURT.

The law does not favor lengthy, vexatious, and expensive litigation, and where there is no positive prohibition, and when in the reasonable exercise of that discretion allowed a judge he decides that it is consonant with equity to determine en concurso the rights of several claimants to a fund, the proceedings will be held valid, where no substantial right of any party has been denied him. A large discretion is allowed the courts when there are several parties claiming a fund. Gill v. Lake Charles, 119 La. 17, 43 South. 897.

[Ed. Note.—For other cases, see Interpleader, Cent. Dig. § 1; Dec. Dig. § 1.*]

On the Merits.

2. INTERPLEADER (§ 33*) — PAYMENT INTO COURT — RIGHTS OF HOLDER OF FORGED NOTE.

Where the holder of a good mortgage note and the holder of a forged note claim the fund deposited in the registry of the court by the maker thereof, the holder of the good note is entitled to be paid, and the loss must fall on the holder of the forged note.

[Ed. Note.—For other cases, see Interpleader, Cent. Dig. § 74; Dec. Dig. § 33.*]

Appeal from Civil District Court, Parish of Orleans; T. C. W. Ellis, Judge.

Action by Otto J. Lauterbach against Dr. Ivan F. Seikmann and another. Judgment for defendant Seikmann, and the other defendant appeals. Affirmed.

Dart, Kernan & Dart, George W. Flynn, and Henriques & Duchamp, for appellant. E. J. Meral and E. Howard McCaleb, for appellee Lauterbach. McCloskey & Benedict, for appellee Seikmann.

BREAUX, C. J. There are three persons interested in this suit, to wit, the plaintiff, who has deposited $4,000 and interest in the registry of the court to pay the amount of his indebtedness, and each of the defendants who claim the amount.

Plaintiff in his petition sets out that before Robert J. Maloney, notary public (as made to appear on the face of the papers), he bought certain real estate on December 3, 1907, for $6,500, $2,500 in cash and $4,000 to be paid on a year's time, represented by his promissory note, with 8 per cent. interest from date, secured as to its payment by mortgage and vendor's privilege; but that in reality it was not a sale, but it was a mortgage. He was the owner of the property, and the form of a sale was adopted to serve as a security, instead of a mortgage; that is, he sold the property, and it was resold to him on the terms before mentioned, and his note was transferred to Dr. Seikmann, one of the defendants.

In due time Dr. Seikmann claimed the amount of the note which he held.

As only one note was made for the amount, only one note was genuine.

The plaintiff, in depositing the amount, averred that he left it to the court to determine to whom it should be paid.

Dr. Seikmann, one of the defendants, claimed in answer to plaintiff's petition that he held the genuine note, and in a supplemental answer he averred that the amount deposited was not sufficient to meet the note and interest, and asked for an increase of the amount.

The other defendant excepted on the ground that it could not be compelled to appear in this suit to liquidate the issues involved; that they are not issues that can be determined in proceedings en concurso, to use a Spanish terminology; that it was not proper nor legal to thus proceed en concurso. It claimed the right to foreclose either by executory process via ordinaria or via executiva.

The exception was overruled.

This defendant then answered, setting up that it held the genuine note.

The case was called for trial before a jury.

On motion of the Keystone Life Insurance Company, the court annulled the order which had previously been issued, ordered a trial by jury, and transferred the cause to the ordinary docket.

There was a trial, and judgment rendered in favor of Dr. Seikmann, declaring him entitled to $4,320, now in the registry of the court, and ordering the clerk to place that amount to his credit, upon his surrendering to the plaintiff his note as paid in full; and the amended petition of Dr. Seikmann, filed May 13, 1907, was dismissed. The Keystone Life Insurance Company was condemned to pay the costs. The Keystone Life Insurance Company excepted to the ruling of the district court, which ruling, excepted to, held that in these proceedings en concurso the issues among the parties can be decided finally.

It is incumbent upon us in the first place, under the issues, to determine the question. We agree with that view.

On the merits, it will be incumbent upon us to decide who holds the genuine note.

The proceeding, as above stated, is concurrent or en concurso. The parties in interest are not in the least prejudiced by the form.

We have seen that the exceptor moved to set aside the order for a jury. He is scarcely in a position to invoke in argument the right to a trial by jury which he has chosen in effect to waive. He had wanted trial by jury.

At this moment, although not directly in point, we can think of no reason why he would not have the right to a trial by jury if he had insisted upon that right. But this is only incidentally stated.

The ground urged by the exceptor to have the proceedings dismissed in addition is that he has a right to the fee of attorney.

If he has, he is not prejudiced by these proceedings, because he can recover them in these as well as in other proceedings.

Granted that the considerations just before stated should not be controlling, none the less they should have their due weight, unless there is positive law to the contrary.

We have found none.

A large discretion, it has been held, is left to the courts when several parties have claims in the distribution of a fund. Gill v. Lake Charles, 119 La. 17, 43 South. 897.

The object, to a reasonable extent, should be to put an end to lengthy, vexatious, and expensive litigation.

When there is no express law preventing, equity may be invoked. Civ. Code, art. 21; Code Prac. arts. 830, 877.

In the absence of positive law, the judge decides according to equity. Moran v. Le Blanc, 6 La. Ann. 113; Brown v. Insurance Company, 3 La. Ann. 183.

If we were to dismiss the suit at this time, there would come a time when it would be necessary to determine the rights of the parties concerned en concurso. What may be done hereafter may as well be done at this time.

We are of opinion that the exception was properly and legally overruled in the district court.

### On the Merits.

The question is one of fact. The note held by the insurance company became its property through Robert J. Maloney. He imposed upon the management of the company. He was one of its directors, its notary, and its attorney, and had drawn up the charter of the company. The management of the company did not suspect his fraudulent act. Some time after the transfer of the note now before us to the company, the officer in charge discovered that there was an error in date (owing to the manipulations of the notary, which is apparent at present, but was not at the time), which he, the officer, properly caused to be corrected at once. He did not suspect that it was other than a slip of the pen in matter of date.

The facts in regard to this note are that Dr. Seikmann met Robert J. Maloney, notary, and talked to him about the loan, which was afterward effected. On December 3, 1907, the act was passed, and on that day the lender gave his check for the amount of $4,000, which Maloney took and pocketed. This was the genuine note, as made evident by the testimony of witnesses who have testified.

As relates to the Keystone Life Insurance Company: The old note had become past due. At maturity it was not collected, as Notary Maloney informed the officer in charge of the Keystone Insurance Company that the maker's wife had recently departed this life. Properly and naturally, time was granted by the president.

Instead of paying over the amount which he had received, Maloney must have issued another note. There was unquestionably a forged note. It cannot be contended with any degree of reason that Lauterbach ever signed other than the one note.

The weight of the testimony is that the note which Dr. Seikmann holds is the genuine note of the maker in question.

There is no reason why the holder of the note which was forged should recover as against the holder of the genuine note.

The genuine note is the valid title.

If paper not genuine gets into commerce, it should be thrown out at first opportunity after the want of genuineness has been discovered.

There are instances when third persons may acquire a right under such paper; as, for example, if one of two innocent persons must suffer loss, it may be visited on the person most at fault.

Here we will not dwell upon the question as to who was most indifferent in regard to the paper. We will decide that the genuine paper must be paid.

It is only necessary to determine which is the genuine note. That being decided, there remains nothing further for discussion as relates to this note.

It only remains for us to affirm the judgment appealed from. It is therefore affirmed.