(100 South. 411)

No. 24280.

## DRONETTE v. MEAUX BROS.

(March 17, 1924. Rehearing Denied by Division B May 12, 1924.)

*(Syllabus by Editorial Staff.)*

1. **Appeal and error ⬀917(1)—Facts alleged deemed true on review of judgment sustaining exception of no cause of action.**

Facts set forth in petition must be deemed true on appeal from judgment dismissing suit on exception of no cause of action.

2. **Explosives ⬀9—Petition for sale of gasoline instead of kerosene held to state cause of action.**

Petition alleging that defendant sold plaintiff gasoline instead of kerosene, whereby he was injured in an explosion when attempting to light a fire therewith *held* sufficient to state a cause of action.

3. **Explosives ⬀9—Lighting fire with gasoline believed to be kerosene held not contributory negligence.**

That plaintiff poured gasoline on smouldering coal to start a fire, believing it to be kerosene, *held* not contributory negligence.

4. **Pleading ⬀228—Exception of no cause of action insufficient as exception of vagueness.**

Exception of no cause of action cannot be made to fill office of exception of vagueness.

Appeal from Seventeenth Judicial District Court, Parish of Vermillion; William W. Bailey, Judge.

Action by Alphe Dronette against Meaux Bros. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

Gremillion & Smith, of Crowley, for appellant.

Edwards & Greene and Kitchell & Boudreaux, all of Abbeville, for appellee.

By Division C, composed of OVERTON, ST. PAUL, and THOMPSON, JJ.

THOMPSON, J. This is an appeal by the plaintiff from a judgment which dismissed his suit on an exception which in general terms alleges that the plaintiff's petition "fails to set forth any cause of action against defendant."

The suit is for damages for personal injuries sustained by the plaintiff as the result of an explosion of the reservoir or glass tank of his cook stove, caused by gasoline which defendant sold and delivered plaintiff instead of kerosene which plaintiff purchased.

The petition alleges that plaintiff purchased from defendant and paid for a barrel or drum of kerosene, and that, through the gross negligence and carelessness of said Meaux Bros., a barrel or drum of gasoline

was delivered to him instead of the barrel or drum of kerosene; that, with a view of lighting a fire in his heater in his home, petitioner poured a small quantity of the oil from the reservoir or glass tank of his cook stove on the smoldering coals and ashes in his heater, and seated himself some 2½ or 3 feet away with the glass tank or reservoir inverted and resting on his left knee, with his left hand resting on the oil flow or regulator of said tank, when a flash or stream of fire emitted from the front door of said heater, thus causing said tank or reservoir to explode with a very loud report, throwing the flaming liquid on his left hand and both legs.

The petition further alleges that:

" * * * By reason of the error of defendant in delivering the gasoline instead of kerosene, caused the above-stated explosion, which resulted in his left hand being most painfullly and seriously burned to such an extent as to practically deprive him of the use thereof and that said injury will be permanent; that by reason of said explosion both his legs, from his waist down were burned to a crisp, necessitating his remaining in bed for a period of three months, causing most excruciating pain and agony, etc."

The exception seems to be leveled at (1) the failure of the petition to allege that the explosion was caused by gasoline delivered by the defendant through error for kerosene, and (2) that the petition shows that the plaintiff was guilty of contributory negligence in pouring the gasoline on the smoldering coals, which was the proximate cause of the explosion and resulting injury to plaintiff and not the error in delivering the gasoline instead of the kerosene.

[1, 2] Neither of these grounds in our opinion is well founded, and the exception should have been overruled. The facts set forth in the petition, if true, and they must at this time be regarded as true, are sufficient to justify a judgment in plaintiff's favor for the injuries he sustained as the result of the explosion. The plaintiff bought from defendant kerosene. The defendant delivered gasoline instead. The application of the gasoline to the coals of fire produced the flame which caused the explosion of the glass tank resting on the plaintiff's knee. The delivery of the gasoline instead of the kerosene was the moving cause and the explosion was directly traceable to the negligence and carelessness of the defendant. There was no intervening cause.

[3] We hardly think it logical, and it is contrary to every day observation and experience, to say that the explosion would have happened any way, if the plaintiff had poured kerosene on the coals instead of gasoline. There was no contributory negligence in the act of the plaintiff in pouring the liquid on the coals believing it to be kerosene.

The plaintiff's petition may be somewhat vague and lacking in artistic and methodical construction, but it sufficiently places liability on the defendant for the injury alleged to have been sustained, if the facts alleged can be supported by proof.

[4] It is a familiar rule that an exception of no cause of action cannot be made to fill the office of an exception of vagueness.

"An exception of no cause of action is separate and distinct from an exception of vagueness and insufficiency of allegations. An exception of no cause of action if sustained will bring about a dismissal of the suit; while an exception of vagueness and insufficiency of allegations, will, if sustained, result in an order to the plaintiff to amend his pleadings and make them more definite."

The judgment appealed from is annulled and reversed, the exception of no cause of action is overruled, and the case is remanded to the district court to be proceeded with according to law and the views herein expressed; the costs of appeal to be taxed against the defendant and all other costs to await the final disposal of the case.

Rehearing refused by Division B, composed of DAWKINS, LAND, and LECHE, JJ.