(115 So. 755)

No. 28638.

CASSARD v. WOOLWORTH.

Feb. 13, 1928.

*(Syllabus by Editorial Staff.)*

1. Interpleader ⬤➡8(1)—Where six parties each claimed to be owner and holder of one note, plaintiff properly brought concursus proceeding to determine who held genuine note.

Where six parties were each holding notes and claiming to be owner and holder of genuine note, executed by plaintiff for credit portion of purchase price of property acquired by him, plaintiff properly brought concursus asking that all parties be cited to end that judgment might be rendered determining which of parties held genuine note and was entitled to be paid amount thereof.

2. Interpleader ⬤➡21—Plaintiff could maintain concursus proceeding to determine owner of genuine note without paying amount into registry of court.

Where six parties each claimed to be owner and holder of one note executed by plaintiff, plaintiff could maintain concursus proceeding to determine who held genuine note without depositing amount of note into registry of court.

3. Interpleader ⬤➡12—Plaintiff did not waive right to concursus to determine which claimant owned genuine note by allegation of forgery in suit to enjoin executory process on one note.

Where six parties each claimed to be owner and holder of one note executed by plaintiff, plaintiff's right to concursus was not waived because of allegation of forgery in suit to restrain executory process of one of parties on note held by him, since allegation of forgery was not made for purpose of championing rights of holders of any of the other notes, and prayer of petition was for injunction pending determination of contest in concursus proceeding.

4. Interpleader ⬤➡22—Court properly enjoined executory process on note pending determination in concursus proceeding of which of six parties owned genuine note.

Where six parties each claimed to be owner and holder of one note executed by plaintiff, and W. sued out executory process on note held by him, court properly issued injunction restraining executory process of W. pending determination in concursus proceeding of which of parties held genuine note and was entitled to payment.

St. Paul, J., dissenting.

Appeal from First Judicial District Court, Parish of Caddo; E. P. Mills, Judge.

Suit by Alvin S. Cassard against Dr. J. D. Woolworth for an injunction to restrain executory process on note. From a judgment for plaintiff, defendant appeals. Affirmed.

Foster, Hall & Smith, of Shreveport, for appellant.

Wise, Randolph, Rendall & Freyer, of Shreveport, for appellee.

THOMPSON, J. This is a devolutive appeal from a judgment enjoining the execution of an order of seizure and sale pending the determination of an issue presented in another suit before the same court between the plaintiff and defendant and five other parties.

The issue raised in that suit is: Which one of six mortgage notes is the one executed by the plaintiff Cassard?

The plaintiff, Cassard, purchased certain residential property in the city of Shreveport from one W. M. Burkhalter on March 29, 1924. For the credit portion of the price, he executed his note for $3,000, payable to his own order, and by him indorsed in blank, and maturing two years after date.

The note was paraphed by the notary to identify it with the notarial act of sale and mortgage.

Some time before the maturity of the note described, it developed that five other notes were outstanding, each for $3,000 and each bearing the same date, same maturity, and purporting to be executed and indorsed by Cassard, and each being paraphed by the notary before whom the act of sale and mortgage was executed.

One of the six notes was held by Mrs. Tujaqne, one by the Louisiana Real Estate & Improvement Company, one by Germain Cas-

siere, one by S. M. Cook, one by J. C. Fontami, and one by J. D. Woolworth.

Each of these holders made demand for payment on Cassard, and each, of course, claimed to be the holder of the genuine note.

The defendant, Woolworth, sued out executory process on the note held by him, whereupon Cassard, on the same day, filed a suit in which it was alleged that the parties herein mentioned were each claiming to be the owner and holder of the one note executed by him for the credit portion of the purchase price of the property acquired by him from Burkhalter, and he asked that all the said parties be cited to the end that judgment might be rendered, determining which of the said parties held the genuine note and entitled to be paid the amount thereof.

Thereafter Cassard filed the present suit for an injunction to restrain the executory process of Woolworth until the issue in the suit to which all claimants were parties had been determined.

The petition in the instant suit alleged that the note of Woolworth was a forgery, and it was also alleged that Cassard was ready and willing to pay the note which might be held by the court to be the genuine note.

After a hearing on a rule nisi, a preliminary injunction was issued, but later that rule was set aside, and an answer was filed and the case was tried on the merits.

Quite a lot of evidence was introduced on the question of forgery of the note involved, and all of the six notes were filed in evidence.

The greater portion of appellant's argument and brief is devoted to the issue of forgery, and extensive quotations are made from the evidence bearing on that issue.

The lower court declined to pass on the question of forgery of the note held by Woolworth, reserving that issue to be determined in the suit to which all claimants were parties.

The only question, therefore, that we are called upon to decide, is whether there was error in temporarily enjoining the seizure and sale obtained by Woolworth until the other case was determined.

It is contended on the part of appellant that no injunction should have been issued, because the petition of Cassard in the concursus proceeding did not disclose a cause of action, since Cassard did not deposit the amount he owed on the one note in the registry of the court, and, until that was done, Cassard had no standing in court to force a concursus.

The exception under which this argument is made was filed in the concursus proceeding and was overruled.

[1] Waiving, however, the question as to whether the matter is properly raised in the instant suit, we are of the opinion that the plaintiff was justified under the circumstances in proceeding as he did to call all the parties with one proceeding to determine which one of such parties held the genuine note.

Cassard clearly owed but one note for $3,000, which bore upon his home, and he could be forced to pay but the one note. Each holder of a note of similar amount was demanding payment and threatening foreclosure proceedings, and but for the proceeding instituted the victim of the forgery would have been harassed by six separate and independent suits, and in order to protect himself would have been forced to enjoin in each case.

No sufficient reason is advanced why in such a case all parties claiming an interest in the subject-matter could not be properly called into one proceeding to have their rights determined as between themselves and with the maker of the note. On the contrary, every principle of reason and equity suggested the propriety of such a proceeding. The debtor is thereby protected from being harassed by a multiplicity of suits in which his home would be exposed to seizure and sale, and at the same time each of the claimants would be protected in his rights. This

is the very object and purpose of a concursus proceeding.

[2] It goes without saying that Cassard could have deposited the amount of one note in the registry of the court and then cited all claimants to that fund to set up their rights, but he was not compelled to do so.

It will not do to say that no concursus proceeding can be had without a fund is present in the registry of the court as a basis for such a proceeding. The authorities cited by appellant do not sustain such a proposition.

In Lauterbach v. Seikmann, 125 La. 840, 51 So. 1008, one of the cases cited by appellant, the contest was between the holder of a good note and the holder of a bad note. The maker deposited the amount in the registry of the court and left it to the court to determine to whom the amount should be paid. The court did not hold that the deposit had to be made before the maker could provoke a concursus. On the contrary, the court held that the law does not favor lengthy, vexatious, and expensive litigation, and where there is no positive prohibition and when in the reasonable exercise of that discretion allowed a judge he decides that it is consonant with equity to determine en concurso the rights of several claimants to a fund, the proceedings will be held valid, where no substantial right of any party has been denied.

In the case of New York Life Insurance Co. v. Dorsett, 152 La. 67, 92 So. 737, also cited by appellant, there was a contest over the proceeds of a life policy, which the company had deposited in court subject to the assertion of the right of the claimants.

The court did not hold that the deposit was essential before a concursus could be formed. The court there said:

"The proceeding is therefore a concursus, pure and simple, often resorted to in our practice, and the only logical method of settling the conflicting legal claims of persons who assert rights to a common fund *or to the same property.* (Italics ours.)

In the instant case, the plaintiff, Cassard, was ready and willing to pay the amount of the one note he had signed, but he was confronted with five other notes held by as many different parties.

He could not pay one without running the risk of having to pay the others, so the logical thing for him to do was to call all of the claimants before the court to determine who held the genuine note.

Thus all the claimants, as well as all of the notes in contest, are before the court in one proceeding, and one judgment can, and will, determine the rightful owner of the genuine note.

We can see no difference, from a legal point of view, between having the amount due by Cassard in the registry of the court and having all of the notes before the court.

[3, 4] It is further contended by appellant that Cassard has waived any right he might have had to a concursus because of the allegation of forgery in the present suit.

This argument is made on the general rule that it is of the essence of an interpleader suit that the party claiming the remedy shall be and continue entirely indifferent between the conflicting claims.

It is true that this court said in Dunlap v. Whitmer, 137 La. 801, 69 So. 189, that the proceeding there was in the nature of a concursus and was similar to the bill of interpleader, known to the equity practice, which must negative any interest in the thing in controversy; still that proceeding was sustained as a concursus, notwithstanding the substantial and direct interest of Dunlap in the fund to be distributed. The court went no further than to hold that where it is shown that the interpleader has an interest in the fund to be distributed, he may not recover the amount of the fee for his solicitor. To the same effect is the case of Groves v. Sentell, 153 U. S. 465, 14 S. Ct. 898, 38 L. Ed. 785.

None of the cases cited support the conten-

tion that, under our practice of concursus, a person must be wholly disinterested in the subject-matter to be litigated before he can provoke such concursus.

The record here shows that the only interest Cassard has is to see that he is not required to pay but one of the six notes claimed against him, and that as between the claimants he has no interest.

The allegation of forgery in the present suit against the note of Woolworth was doubtless made as an additional basis for the injunction and not for the purpose of championing the rights of the holders of any of the other notes. The prayer of his petition is for an injunction pending the determination of the contest in the concursus proceeding, and the whole course of Cassard in all of the proceedings is to have the court determine which of the six notes is genuine and which one he should pay.

Our conclusion is that the trial judge committed no error in issuing the injunction, and his judgment is affirmed.

ST. PAUL, J., dissents.