## OFFICER v. AMERICAN EAGLE FIRE INS. CO. et al.

### No. 904.

Court of Appeal of Louisiana. First Circuit.

Feb. 8, 1932.

Ben E. Coleman, of Shreveport, for appellant American Eagle Fire Ins. Co.

Foster, Hall, Barret & Smith, of Shreveport, for appellant American Employers' Ins. Co.

Woosley & Cavanaugh, of Leesville, for appellee Officer.

Thompson & Ferguson, of Leesville, for appellee Ferguson.

ELLIOTT, J.

Dr. H. R. Officer, owner and holder of a note on which there is due $511.20 with 8 per cent. per annum interest on certain installments from maturity until paid and 15 per cent. in addition thereon as attorney's fees, brought suit on the note against Mrs. Lucy Ferguson individually and as tutrix.

And alleging that a conflict in interest existed between himself and two insurance companies, the existence of a conflicting interest between the insurance companies and Mrs. Ferguson individually and as tutrix, and that there existed a conflict in interest between the insurance companies themselves as to the amount of their respective liability on account of the destruction of a certain automobile by collision or fire, he proceeded against said parties en concurso.

The note sued on was originally for $767, payable in installments, but by the payment of a number of the installments, the principal was reduced to the amount stated. The note was payable to the order of P. L. Ferguson and was indorsed by him and R. S. Copelands Garage. It represents the balance due on the purchase price of an automobile, Buick make, sedan design, purchased by said Ferguson from R. S. Copelands Garage on February 11, 1930; the price being $1,692. The purchase was by authentic act, executed before J. R. Ferguson, notary public. The note bearing date as above said was secured by a chattel mortgage, on the automobile, retained by Copelands Garage and granted thereon by said Ferguson in the act.

The plaintiff alleges that a vendor's privilege existed on the automobile, in favor of Copelands Garage, as a result of the sale and unpaid price.

That P. L. Ferguson, on the same day that he purchased the automobile, obtained insurance thereon against loss by fire from the American Eagle Fire Insurance Co. to the extent of $1,150.

That P. L. Ferguson also, on the same day, obtained insurance on the automobile against loss, injury, or destruction of the same from American Employers' Insurance Company.

That on or about September 26, 1930, the automobile was destroyed by collision or fire.

That P. L. Ferguson lost his life in an automobile accident on January 21, 1931, leaving no will, but left Mrs. Lucy Ferguson, his widow in community, and three minor children, Mattie Rose, Lucy, and Miriam Ferguson, all born of his marriage with her his sole heirs and of whom Mrs. Ferguson had qualified as natural tutrix.

That as owner and holder of said note by virtue of said indorsement he was entitled to the rights of mortgage, which existed on said automobile before it was destroyed, in favor of R. S. Copelands Garage. That by virtue of stipulations in the act of sale and chattel mortgage to that effect, he is entitled to the proceeds of any insurance effected on said automobile, up to the amount due him.

That by reason of the provisions of Act No. 263 of 1916 he is entitled to a vendor's privilege against the proceeds of said policy obtained from American Eagle Fire Insurance Company, up to the amount due him, with interest and attorney's fees, and should be paid thereout by preference and priority over all other claimants.

That Mrs. Lucy Ferguson individually and as tutrix is entitled to the proceeds of said policies after the amount due him has been paid.

He prays that American Eagle Fire Insurance Company and American Employers' Insurance Company and Mrs. Lucy Ferguson individually and as tutrix be each cited and served with a copy of the petition and ordered to appear and answer his proceedings, and that after legal delays and trial on the merits, for judgment in his favor against the defendants, ordering American Eagle Fire Insurance Company to deposit in the registry of the court the sum of $1,150, the amount due under its said policy, ordering American Employers' Insurance Company to deposit $1,-

692, the purchase price of the automobile, and when said deposits have been made that said policies be canceled. He prays for judgment against Mrs. Lucy Ferguson individually and as tutrix and against each of the said insurance companies for $511.20 with interest and attorney's fees thereon, for recognition of his vendor's privilege on the proceeds of the policies, and that the amount due him be ordered paid out of the proceeds of the policies by preference and priority over all other claimants. That after the amount due him and Mrs. Ferguson individually and as tutrix has been paid, that the remainder of the deposits, if there be any, be returned to the insurance company depositing the same.

An order was issued, citation made, and copies of the petition and order of the court was served on each of the defendants as prayed for.

Each of the defendants appeared and filed exceptions, all of which were by the court referred to the merits. The defendants then each filed an answer.

American Eagle Fire Insurance Company alleges in its answer, with other matters, an appraisal agreement between itself and P. L. Ferguson. That P. L. Ferguson and itself appointed appraisers, who estimated the loss to the automobile as the result of the fire, at $200. That under a supplemental agreement its maximum liability under the policy was fixed at 75 per cent. of the loss. That therefore allowing said 25 per cent. deduction, it owes $150 on account of said loss, which it tendered to the court for Mrs. Ferguson individually and as tutrix, and prays that she be ordered to accept same in full payment.

American Employers' Insurance Company for answer denies liability, but avers that if it owes any amount on account of collision, it does not exceed $200. It prays that plaintiff's demand against it be rejected, but if the rule be made absolute, that the amount deposited by it be limited to $200.

Mrs. Ferguson individually and as tutrix appeared, and for answer to plaintiff's demand against her, admits most of his averments, but denies that he is the assignee and subrogee of R. S. Copelands Garage, and the existence of any privilege in his favor on the proceeds of the policies, but joins him in praying that the liability of the insurance companies be fixed by the court.

She intervened in the suit and alleges in her petition of intervention that American Eagle Fire Insurance and American Employers' Insurance Company should be together compelled to pay her the sum of $1,692, the value of the automobile when purchased by her husband.

The parties went to trial on these issues, and the court rendered judgment making the rule absolute and decided the case en concurso.

The amount due by American Eagle Fire Insurance Company on its policy was fixed at $487.50, the amount due by American Employers' Insurance Company at $600, and each was ordered to deposit the amount due in the registry of the court, together with 8 per cent. per annum interest thereon from September 11, 1930, until paid and 15 per cent. in addition thereon as attorney's fees, and upon making said deposits within a reasonable time, their policies were to be cancelled.

Judgment was rendered in favor of Dr. Officer and against American Eagle Fire Insurance Company and American Employers' Insurance Company and Mrs. Ferguson individually and as tutrix for $511.20, with 8 per cent. per annum interest thereon from September 11, 1930, until paid, and for 15 per cent. in addition thereon as attorney's fees. The privilege claimed by him was recognized and the amount due him in principal, interest, and attorney's fees was ordered paid out of the sum deposited, with preference and priority over all others.

On the intervention of Mrs. Ferguson individually and as tutrix, judgment was rendered in her favor, against American Eagle Fire Insurance Company for $487.50 and against American Employers' Insurance Company for $600, the amount due under each judgment to draw 8 per cent. per annum interest from September 26, 1930, until paid, and 10 per cent. in addition thereon as attorney's fees; the amount paid to Dr. Officer to be credited on her judgment against the two insurance companies.

American Eagle Fire Insurance Company and American Employers' Insurance Company have appealed.

Dr. Officer and Mrs. Ferguson individually and as tutrix filed in this court a joint motion, alleging that they had filed in the lower court a motion to have the appeals of the appellants held to be not suspensive, on the ground that their appeal bonds had not been filed in time to operate as a suspensive appeal. They prayed this court to remand the case to the lower court in order that it might be decided whether the appeal was suspensive or not, and if not remanded, that this court hold that the appeal was not suspensive, for the reason stated. Mrs. Ferguson individually and as tutrix at the same time filed an answer to the appeals, in which she prayed that the judgment of the lower court against American Eagle Fire Insurance Company be increased in her favor to $515 with legal interest from September 26, 1930, and 25 per cent. as attorney's fees, and that her judgment against American Employers' Insurance Company be increased to $655 with

legal interest from September 26, 1930, until paid. This answer is unqualified and reserves no right under the motion to remand.

This answer and prayer on her part individually and as tutrix operated as a waiver and abandonment of her motion to remand or dismiss, as far as she is concerned. See Louisiana Digest, vol. 1, subject Appeal, pp. 520, *497. But her answer and prayer does not affect the rights of Dr. Officer under the motion. With reference to the motion on his part, the record shows that the appeal bonds of both appellants were filed in the district court of the parish of Vernon on July 6, 1931. The judgment shows on its face that it was rendered and signed in chambers in Mansfield on June 23, 1931. The order of appeal shows on its face that it was also granted in chambers at Mansfield on June 23, 1931.

The judgment and order of appeal were both filed in the office of the clerk of court for the parish of Vernon on June 24, 1931, and were recorded on June 29, 1931, in vol. 94, p. 229. The filing does not indicate of both appellants were filed in the district court. The character of the book called vol. 94 is not clear to us.

The Code Practice, art. 543 (amended by Act No. 267 of 1916), provides: "All judgments must be rendered, read and signed by the judge in open court, provided that where District Judges hold court in a judicial district composed of more than one parish, they shall have the right to render, read and sign judgments in open court in any parish in their judicial district in any case arising in any parish in said district, which judgment shall be forwarded to the clerk of court of the parish in which said case originated who shall record same in the minutes of said court who shall immediately notify the parties or their counsel and the legal delays for making a motion for a new trial or for taking an appeal shall not commence to run in such cases until the service by the sheriff or the notice of judgment issued by the clerk."

We take cognizance of the fact that Mansfield is the parish seat of the parish of De Soto and that the parish seat of the parish of Vernon is Leesville.

The delay in which to file a suspensive appeal bond cannot be said to commence to run before the judgment had been recorded in the minutes of the district court of the parish of Vernon; but suppose, for the sake of argument, that the time be computed from the date of filing. Sundays do not count in computing the delay. Between June 24, 1931, and July 6, 1931, there were two Sundays, and as neither counts and there was no waiver of legal delays, under the Code Practice, art. 318, the bond was timely filed for a suspensive appeal.

The motion to remand or dismiss is overruled.

Exceptions of nonjoinder filed by both insurance companies, a motion to elect by American Employers' Insurance Company, and an exception of no cause or right of action filed by Mrs. Ferguson, are not urged in their respective briefs. We therefore regard these exceptions as having been abandoned and do not consider them.

There appears in the brief of American Eagle Fire Insurance Company a statement to the effect that it was not served with a copy of Mrs. Ferguson's intervention. In her petition she prays for service and service was ordered made. This defendant went to trial contradictorily with her without protest or objection of any kind. The want of service, even if none was in fact made, cannot be urged in this court in such an informal way. Then, again, having gone to trial contradictorily with intervener, without protest or objection, it is too late to urge a matter of that kind now.

American Eagle Fire Insurance Company and American Employers' Insurance Company excepted to plaintiff's petition on the ground that it disclosed no right or cause of action and misjoinder of parties defendant, and urges that the court erred in overruling them. American Eagle Fire Insurance Company urges under its said exceptions that plaintiff's petition alleges no right or cause for a proceeding en concurso; no right to require it to deposit the amount called for in the registry of the court; and no privity of contract between the plaintiff and American Employers' Insurance Company.

American Employers' Insurance Company excepts, and urges as exceptions the same grounds of complaint and argues that same should be sustained and the suit dismissed.

Generally speaking, an exception of no right or cause of action is independent of a question of joinder, and a question of joinder is not ordinarily dependent on whether the petition sets forth a right or cause of action.

In fact, a right and a cause of action are not exactly the same thing. Laenger v. Laenger, 138 La. 532, 70 So. 501.

The present situation involves all these questions and we examine them together.

Dr. Officer, in addition to the privilege and other matters claimed heretofore stated, makes the act of sale and mortgage a part of the petition. The act contains a stipulation as follows: "Vendors may insure said property against fire and theft to properly protect purchaser, seller and seller's assignee. Purchaser agrees to pay a premium upon demand and that on failure to do so, payment of said premium shall be secured by this mortgage. The proceeds of any insurance, whether paid by reason of loss, injury, return of premium or otherwise, shall be applied toward a replace-

ment of the property or payment of this obligation, at the option of the vendor."

He further alleges:

That proper proofs of loss have been submitted to each of said insurance companies.

That they have not acknowledged liability for any sum nor fixed the liability as between themselves.

That said insurance companies have failed to agree or adjust the loss by reason of the destruction of the automobile, whether by fire, accident, or collision, and it is necessary to determine the respective interest of all parties to this litigation and the respective liability of the insurance companies, and to that end a concursus proceeding should be provoked.

That by reason of the conflicting interest thus existing and the conflicting opinion of each of said companies, as to the amount due under each of the policies, it is necessary that a rule issue commanding said companies to show cause why each of them should not deposit in the registry of the court the amount called for under the provisions of each of said policies in order that the respective claimants to said fund can assert their rights thereto and the liability of the said defendants may be fixed under the terms and provisions of said policies.

It is alleged, and the American Eagle Fire Insurance policy annexed to and made part of the petition shows on its face, that it is "payable as interest may appear to Assured and Dr. H. R. Officer."

It is not alleged that any privity of contract exists between the two insurance companies nor between Dr. Officer and American Employers' Insurance Company, but under the stipulation in the act of chattel mortgage concerning the rights of the seller's assignee to any insurance that might be paid on the automobile, whether by reason of loss, injury, or otherwise, the plaintiff has the right to claim of Mrs. Ferguson individually and as tutrix and to claim of the insurance companies contradictorily with her the amount due under the policy necessary to satisfy the amount due him.

Privity of contract is not necessary when the situation and equity of the case renders a concursus the proper procedure as to all parties concerned in the ultimate result of the loss. The plaintiff alleges such a situation that the payment of the amount due him by Mrs. Ferguson individually and as tutrix and by American Eagle Fire Insurance Company cannot be compelled, unless American Employers' Insurance Company be also brought into court and the amount due by it resulting from said collision determined contradictorily between him and American Eagle Fire Insurance Company and Mrs. Ferguson individually and as tutrix in a way that will be binding on all concerned. To say that all parties necessary to, the accomplishment of justice cannot be brought into the determination is to contend, in effect, that a right of action may exist without a practical and efficient remedy. If the remedy is not practical nor efficient, it is not adequate to the situation.

Our jurisprudence recognizes no such situation. The rule is, for every right there is a practical remedy under the law.

In the case Lauterbach v. Seikmann et al., 125 La. 839, 51 So. 1008, Lauterbach owed a note. He owed only one, but another one was forged, and the holders of both called on him for payment. He could not safely pay either until it was determined contradictorily with the parties and with himself which of the notes was the true one. He deposited the amount he owed in court, called on the two adverse claimants to litigate the matter contradictorily with him and with each other.

The syllabus of the case reads as follows: "The law does not favor lengthy, vexatious, and expensive litigation, and where there is no positive prohibition, and when in the reasonable exercise of that discretion allowed a judge he decides that it is consonant with equity to determine en concurso the rights of several claimants to a fund, the proceedings will be held valid, where no substantial right of any party has been denied him. A large discretion is allowed the courts when there are several parties claiming a fund." Citing authority.

In this case the insurance companies contend that there is no fund in the registry of the court.

In Cassard v. Woolworth, 165 La. 571, 115 So. 755, 756, six parties were claiming to be holders of a note.

Cassard, the debtor, without depositing the amount due on the note in court, proceeded against all of the parties en concurso to have it determined contradictorily with him and with each other which was the note that he owed. The court said in the course of the opinion: "It will not do to say that no concursus proceeding can be had without a fund is present in the registry of the court as a basis for such a proceeding."

There are cases involving a question of joinder in which it was said that a large discretion exists in the judge a quo as to whether or not the joinder will be upheld, and in which the rule is said to be: If a multiplicity of suits will be thereby avoided and none of the parties prejudiced in their defense and all have a common interest in the matter to be determined, a joinder will be upheld. Gill v. Lake Charles, 119 La. 17, 43 So. 897; Reardon v. Dickinson, 156 La. 556, 100 So. 715; Erskin Heirs v. Gardiner, 166 La. 1098, 118 So. 453; Chappuis & Chappuis v. Kaplan, 170 La. 763, 129 So. 156.

■ The situation in the present case justifies a procedure en concurso.

All the parties have a common interest in the result of the destruction of the automobile and in the adjustment of conflicting rights to insurance due to its destruction, and their rights arising out of its destruction being in conflict, a concursus is the proper proceeding.

The exceptions of misjoinder of no cause or right of action were properly overruled.

■ American Eagle Fire Insurance Company brings forward in defense an appraisal agreement contained in the policy which it issued. P. L. Ferguson and this defendant, each appointed an appraiser under the agreement. The appraisers appraised the damage done to the automobile by fire and returned that it amounted to $200. A rider or supplemental agreement attached to the policy limited the amount collectable on account of loss to 75 per cent. of the actual cash value of the property at the time of the loss. This defendant contends that $150 is all that it owes.

It tenders this amount to Mrs. Ferguson individually and as tutrix and prays that she be ordered to accept same in full settlement. The policy stipulation on the subject says, in part:

The policy was made payable "as interest may appear to Assured and to Dr H. R. Officer."

Under the agreement in the chattel mortgage, as well as in the policy, Dr. Officer was, for all practical purposes, made the assured.

He was not consulted on the subject of an appraisement by either the insurance company or Ferguson; he was not notified that one was to be made, nor given an opportunity to name an appraiser nor made a party to the appraisement.

Mr. Ferguson, at the time of the loss, did not have any except a contingent and possible residuary interest in the policy. He did not represent Dr. Officer nor have any power or authority, from him to enter into an appraisal agreement.

Act No. 59 of 1921, § 3, contains a provision which makes it the duty of an insurance company "to proceed under the terms of the policy * * * to ascertain and adjust the amount of the loss and its liability under the terms of the policy * * * and to make payment of the amount due under policy * * * to the insured within sixty days from date upon which it received the proofs of loss."

It is thus made the duty of an insurance company to take the initiative in the matter of settlement and intends that it act promptly. This insurance company, aware that its policy was payable as above stated, took no steps to effect a settlement contradictorily with Dr. Officer. The appraisement in question is not binding on him.

The automobile in question was about eight months old at the time it was destroyed and was new when bought. The lower court found that it had a value of $1,300 at the time it was destroyed. This seems to be justified, and his finding on that subject will not be interfered with.

There is conflicting evidence as to the amount of loss due to collision and the amount due to fire, but it seems that the loss resulting from the collision and the amount due to fire was, as near as could be ascertained, equal in amount. Such was the finding of the lower court on that subject, and his finding will not be disturbed. The loss was therefore properly divided equally between the two insurance companies.

The loss to be borne by American Eagle Fire Insurance Company is therefore $487.50, and on this amount it owes legal interest from April 2, 1931, until paid; but no attorney's fees. This insurance company will be ordered to deposit this amount in the registry of the district court of the parish of Vernon within ten days from the time this judgment becomes final, and when the deposit has been made its policy is to be canceled.

The loss to be borne by American Employers' Insurance Company is $600, and on this amount it owes legal interest from April 2, 1931, until paid; but no attorney's fees. This insurance company will be ordered to deposit this amount in the registry of the district court of Vernon parish within ten days from the time this judgment becomes final, and upon the deposit being made its policy is to be canceled.

Dr. Officer is entitled to judgment against Mrs. Lucy Ferguson individually and as tutrix for $511.20 with 8 per cent. per annum interest thereon from September 11, 1930, together with 15 per cent. in addition thereon as attorney's fees.

■ He is entitled by virtue of the provisions of Act No. 263 of 1916 to the vendor's privilege claimed by him on the proceeds of the policy issued by American Eagle Fire Insurance Company, and the amount deposited by said company in the registry of the court will be ordered paid to him by preference and priority over all other claimants; the amount when paid to be credited as a payment on his judgment against Mrs. Ferguson individually and as tutrix.

■ The stipulation in the act of sale and chattel mortgage: "Vendor may insure said property against fire and theft to properly protect purchaser, seller and seller's assignee. Purchaser agrees to pay the premium upon demand and that on failure to do so, payment of said premium shall be secured by this mortgage.—The proceeds of any insurance, whether paid by reason of loss, injury return premium or otherwise, shall be applied toward the replacement of the property

or payment of this obligation, at the option of the vendor," confers on Dr. Officer the right to be paid the balance due him by Mrs. Ferguson individually and as tutrix out of the American Employers' Insurance Company policy. The proceeds of this policy remaining after plaintiff has been paid, are to be paid to Mrs. Ferguson individually and as tutrix.

The demand of Mrs. Ferguson individually and as tutrix in her answer to appellant's appeal herein will be refused. The judgment appealed from will be amended and corrected and to that end will be recast and rewritten so as to conform to our views.

For these reasons, and the law and the evidence being in favor of the plaintiff Dr. Henry R. Officer and against Mrs. Ferguson individually and as tutrix, American Eagle Fire Insurance Company, and American Employers' Insurance Company, it is ordered, adjudged, and decreed that the plaintiff Dr. Henry R. Officer have judgment against Mrs. Lucy Ferguson individually, and as tutrix of Mattie Rose, Lucy and Miriam Ferguson for $571.20, with 8 per cent. per annum interest thereon from September 11, 1930, until paid, and for 15 per cent. in addition thereon as attorney's fees.

That there be judgment against American Eagle Fire Insurance Company, fixing its liability on its said policy at $487.50, together with legal interest thereon from April 2, 1931, until paid. And the said insurance company is ordered to deposit said amount in the registry of the district court for the parish of Vernon within ten days from the time this judgment becomes final, and that upon said deposit being made, its said policy be canceled. It is further ordered that a vendor's privilege exists on said sum in favor of Henry R. Officer, and that as soon as this judgment becomes final, said amount be paid to him by preference and priority over all other claimants. And when said amount is paid to Dr. Officer that same be credited as a payment on his judgment against Mrs. Lucy Ferguson individually and as tutrix herein.

That there be judgment against American Employers' Insurance Company fixing its liability on its said policy at $600, with legal interest thereon from April 2, 1931, until paid. That said insurance company deposit said amount in the registry of the district court for the parish of Vernon within ten days from the time this judgment becomes final and upon said deposit being made that said policy be canceled.

That the balance due Dr. Henry R. Officer on his judgment against Mrs. Ferguson individually and as tutrix, after deducting the amount by him received on said policy issued by American Eagle Fire Insurance Company policy, be paid out of the proceeds of said policy issued by American Employers' Insurance Company, and that the remainder be paid to Mrs. Lucy Ferguson individually and as tutrix.

It is further ordered that defendants American Eagle Fire Insurance Company and American Employers' Insurance Company pay all cost in both courts.