**IBERVILLE TRUST & SAVING BANK v. CITY CAFÉ et al.**

No. 987.

Court of Appeal of Louisiana. First Circuit.

June 30, 1932.

Borron, Hebert & Owen, of Plaquemine, for appellant.

Laycock & Moyse, of Baton Rouge, and Schwing & Obier, of Plaquemine, for appellees.

MOUTON, J.

A check was drawn by G. C. and G. L. Whitaker on May 8, 1931, for $193.52, to the order, as appears in the body of the check, of R. E. Martin and I. B. Smith.

Plaintiff Bank alleges that it was drawn in compliance with an agreement it had with G. C. and G. L. Whitaker concerning checks to be drawn against the checking account of said Whitakers.

Plaintiff avers that May 9, 1931, City Café, through its managing partner, Martin Miranda, presented this check, which bore the prior indorsements "E. F. Kinberger," R. E. Martin, and I. B. Smith, to the teller of the bank from whom Martin Miranda received $193.52; that immediately after payment of the check, and while Martin Miranda was still in the banking house of the plaintiff, the makers of the check 'phoned plaintiff requesting that the payment of the check be stopped because of the alleged forged indorsement of the defendant, R. E. Martin, thereon.

Plaintiff alleges that it immediately notified City Café, through its agent, Martin Miranda, that G. L. Whitaker & Son, makers of the check, contended that the purported indorsement of R. E. Martin on said check was a forgery; that it then and there demanded of Martin Miranda the return of the amount paid the City Café, which was refused by said agent. Plaintiff further alleges that Whitaker & Son advised it that they would not permit their checking account to be charged with the check, because the "purported endorsement of R. E. Martin thereon is a forgery and simulation."

The check which is annexed to the petition and made part of it is indorsed with the following names, and in the order following: I. B. Smith, R. E. Martin, E. F. Kinberger, and City Café.

Under section 65 of the Negotiable Instruments Statute, Act No. 64 of 1904, page 147, a person negotiating an instrument warrants its genuineness; that he has a good title to it; that all prior parties had capacity to contract, etc.; and, under section 66 of that Act, every indorser who indorses without qualification warrants to all subsequent holders in due course what is hereinabove stated; and also, that the instrument is at the time of his indorsement valid and subsisting.

If such are the responsibilities of the indorser, and which we do not find is disputed by learned counsel for plaintiff, it follows therefrom that when Martin Miranda received the money for the check, and indorsed the name of the City Café thereon, this in-

dorsement carried with it the guarantee on the part of his principal that it had a good title thereto, and that the instrument was then valid and subsisting. As such was the binding effect of the indorsement, plaintiff could have no recourse against the City Café for a restitution of the money received for it by its manager, Martin Miranda, unless it had charged that the name of R. E. Martin on the check was forged, and had directed that allegation against the City Café.

■■ The only allegations in reference to any forgery of the check as against the City Café by plaintiff are: That while Martin Miranda, who had collected the check, was still in the banking house, Whitaker & Son had 'phoned plaintiff to stop payment because of the alleged forged indorsement of the defendant R. E. Martin's name on the check; and that plaintiff had immediately notified Martin Miranda that Whitaker & Son, makers of the check, "contended that the purported endorsement of R. E. Martin on said check was a forgery"; that Whitaker & Son had advised plaintiff bank not to permit the charging of the check against their checking account, "because the purported endorsement of R. E. Martin was a forgery and simulation." The 'phone message to plaintiff, that the indorsement of R. E. Martin's name on the check was forged came directly from Whitaker & Son to plaintiff. In conveying information of this message to Miranda, agent of the City Café, plaintiff alleges that Whitaker & Son contended "that the purported endorsement of R. E. Martin on the check was a forgery."

These attacks of forgery on the check came entirely from Whitaker & Son, and as such were communicated to Miranda. The advice which plaintiff alleges it received that the check was a simulation and a forgery, and not to charge it to the checking account of Whitaker & Son, also came directly and altogether from Whitaker & Son.

These allegations referring to the forgery of the check, according to the allegations by plaintiff, came from Whitaker & Son, but plaintiff makes no allegation on its part of forgery against it. Plaintiff cannot create for its benefit a cause of action for forgery of the check against the City Café by reference to charges of forgery alleged to have been made by Whitaker & Son. If plaintiff bank, though not specifically charging forgery, had averred facts attacking the check, as spurious or fraudulent, the court might have been able to deduce therefrom that a charge of forgery had been substantially made, and as being sufficient to disclose a cause of action against the City Café. The petition is, however, barren of any such averment or of forgery and in which, we find, as was found below, that the petition sets out no cause of action as against the City Café.

Plaintiff's counsel refer to the fact that the check with its endorsements had been annexed to the petition, and became part of it. This is true, but no charge of forgery could possibly result from the annexing of the check with indorsements to the petition. Some allegation that the indorsement of the name of R. E. Martin on the check was false, spurious, or forged would be required in the petition as being necessary or essential to constitute a cause of action. The annexing of this check with indorsements to the petition, without allegations of that character, must rather be taken as a confirmation of its genuineness, in which case plaintiff bank could have no cause of action against the City Café, which by its transfer of the check vouchsafed that it was a genuine, valid, and a subsisting instrument.

Plaintiff was therefore required to allege that the check, whether attached to the petition or not, was spurious, fraudulent, or forged, and in the absence of such averment or averments the petition fails to disclose a cause of action as against the City Café.

A proper analysis of the petition leads however to a different conclusion in reference to the exception of no cause of action filed by Whitaker & Son, drawers of the check, and whose exception was also maintained below.

■■ It will be noted that it is alleged in the petition that Whitaker & Son 'phoned plaintiff to stop payment because the indorsement of R. E. Martin's name on the check was forged. It is also alleged that Whitaker & Son advised plaintiff bank not to charge the check against their checking account because the purported indorsement of R. E. Martin was a "forgery and simulation." These allegations are admitted as being true under the exception of no cause of action.

It might be contended that these charges of forgery and simulation are not facts, but are merely conclusions of law, and which are not considered as admitted under such an exception which admits only facts, positively stated.

In the case of State v. Hackley, 124 La. 854, 50 So. 772, in reviewing a suit for the recovery of land where an exception of no cause of action was filed, plaintiff alleged that the defendant was a holder in bad faith, and in which the court said such an allegation is "in effect, an allegation that he assumed, and is assuming, to be the owner of the property, well knowing that the title under which he claims is vicious or defective."

The allegation of bad faith carried with it those assumptions to which the court refers, and relieved plaintiff, under that decision, from setting them out as facts.

That such was the conclusion of the court on this subject is seen where it expresses itself, as follows:

"A pleader in the Courts of this State has the right to make use of terms which are specifically defined by the law."

Forgery is defined as being "the fraudulent making and alteration of a writing to the prejudice of another man's right; or a false making; a making malo animo of any instrument, for the purpose of fraud or deceit."

The charge of forgery therefore carried the assumption of the facts embodied in the term of forgery which is specifically defined under our laws.

The exception of no cause of action filed by Whitaker & Son had therefore the effect of admitting, as true, that exceptors had 'phoned to plaintiff that the name of R. E. Martin, indorsed on the note, had been forged, and that they had advised plaintiff not to charge their running account with the check because it was forged and was a simulation.

With such admissions, we do not see how Whitaker & Son can claim that plaintiff bank has failed to set out a cause of action against them, and had no right to administer evidence in support of its allegations of forgery and simulation as to them.

Whatever defense Whitaker & Son may have against the right of plaintiff to recover against them may be urged on the merits as they may determine.

It is therefore ordered, adjudged, and decreed that the judgment maintaining the exception of no cause of action in favor of City Café, E. F. Kinberger, and Martin Miranda be, and is hereby, affirmed; but in so far as it maintains the exception of no cause of action against G. L. Whitaker & Son, composed of G. L. Whitaker and G. C. Whitaker, that it be annulled, avoided, and reversed; that as to said Whitaker & Son the case be remanded to the lower court to be proceeded with according to law.

The appellees, Whitaker & Son, to pay the costs of this appeal; those of the lower court as to them, to await the decision of the case.

ELLIOTT, J. (dissenting).

I agree with the majority of the court that plaintiff's petition sets forth a right and cause of action against G. L. Whitaker & Son; I differ with them only in regard to the ruling on the exception of no right or cause of action filed by City Café, E. F. Kinberger, and Martin Miranda, members of that firm. The action of Whitaker & Son, in withdrawing from the plaintiff bank, under the facts alleged, the right to charge the check in question to their account in the bank, made it necessary for the bank to bring the action it did, against the drawers, payees, and indorsers of the check. In order for the bank to recover against Whitaker & Son, it must appear to the court that the indorsement of R. E. Martin, one of the payees and first indorsers of the check, is in fact genuine or was authorized by Martin, expressly or by implication. And if the proof shows that R. E. Martin's indorsement is genuine or was by him authorized, then the judgment of the court will authorize the bank to charge the check to the account of Whitaker & Son as prayed for, and such judgment will automatically terminate the suit against the City Café, Kinberger, and Martin Miranda as second indorsers and secondarily liable as such to the plaintiff bank under the law.

But if on the trial of the merits it is found, on the other hand, that the purported indorsement of R. E. Martin was forged and not authorized, then in view of the averments that have served to support a right and cause of action on the part of the bank against Whitaker & Son, makers of the check, taken in connection with the law on the subject and giving proper deductive effect to the averments made by the bank against Whitaker & Son and City Café, etc., as second indorsers and as secondarily liable to the plaintiff for the return of the sum which the City Café received from the bank under their indorsements, it seems to me that plaintiff's suit should not be dismissed, as to the City Café, and Kinberger and Martin Miranda members of that firm, on their exception of no right or cause of action. The situation looks to me as if the ruling makes an exception of no right or cause of action serve the purpose of an exception of vagueness, or that the petition, was deficient in certain alternative averments which might have been made, in case the court found on the trial against Whitaker & Son that the indorsement of R. E. Martin was forged and not authorized, etc., when no objection has been urged to the absence of alternative averments, etc., and when such averments are really not necessary to the right or cause of action against City Café, etc., but the right and the cause appears as a necessary legal inference and deduction from the legal situation. See Dronette v. Meaux Bros., 156 La. 239, 100 So. 411.

The situation, it seems to me, justifies, and in fact requires, that the exception of no right or cause of action filed by City Café, Kinberger, and Miranda be overruled or referred to the merits, and the judgment appealed from be annulled, avoided, and set aside, and the case remanded to the lower court for answer on the part of those who have not answered, and that the case be tried on the merits as to all the defendants in the form as brought.