### IBERVILLE TRUST & SAVINGS BANK v. CITY CAFÈ et al.*
### No. 1207.

Court of Appeal of Louisiana. First Circuit.
Oct. 5, 1933.

*For opinion refusing rehearing, see 151 So. 267.

Borron, Hebert & Owen, of Plaquemine, for appellant.

Schwing & Obier, of Plaquemine, and Laycock & Moyse, of Baton Rouge, for appellee.

MOUTON, Judge.

In the original opinion rendered in this case in June, 1932 (143 So. 73), we held that under section 65 of Act No. 64 of 1904, pp. 147, 157, Negotiable Instruments Statute, the indorser who negotiates the instrument, by a qualified indorsement, warrants that it is genuine; that the title is good, etc.; and, that under section 66 of that act, the indorser without qualification is liable to the same warranties, including the warranty of the genuineness of the negotiated instrument. These two sections of that act clearly impose the obligation on the indorser to warrant or guarantee that the instrument is genuine.

The check or draft which brought about this suit by plaintiff bank was drawn on it by C. C. and C. L. Whitaker for $193.52, on May 8, 1931. On the back of this check were the names, in the following order: I. B. Smith, R. E. Martin, E. F. Kinberger, and City Café —all apparently indorsers.

■ This check or instrument, the petition of the plaintiff bank alleges, is thereto "attached as part and parcel hereof."

The recitals of the instrument must therefore be considered as made in the petition. Tremont Lumber Company v. May, Assessor, et al., 143 La. 390, 78 So. 650.

■ Evidently, the annexing of that check by plaintiff bank to its petition constituted a legal assertion that the City Café, the last indorser, and by which the check had been collected from the bank, warranted that the instruments were genuine, as provided for in sections 65 and 66 of Act No. 64, 1904. This warranty included a guaranty that the signatures prior to that of the City Café, of the indorsers on the check, were genuine. Without any allegation or averment that one or more of the signatures on the instrument was or were spurious or forged, the bank could certainly not recover judgment against the City Café, because without such charge the City Café could not be held liable to the bank for the amount of the check.

In the original petition of the bank, as against the City Café, there was no allegation by plaintiff that the name of any of the indorsers on this check was spurious or forged as was fully stated in our original opinion, and which calls for no repetition in this opinion. The only allegation of forgery mentioned in the original petition of the bank was that the drawers of the check, C. C. and C. L. Whitaker, notified plaintiff bank that the name of R. E. Martin, one of the indorsers on the check, was forged, and that after it had paid the check to the agent of defendant City Café, it had informed the agent of the warning it had received from the Whittakers.

■ We held that by reason of the notification, the bank had received from the Whitakers, and their conduct in this case, a cause of action for forgery had been set out against them in the original petition of the bank, but that this cause of action could not be used against the City Café. As there was no allegation, as against the City Café by the bank in its original petition, that the signature of R. E. Martin was forged or was spurious, we held that the bank's petition disclosed no cause of action against the City Café, as we concluded that it could not be made liable until proof was made that the signature of R. E. Martin was forged and that there could be no cause of action authorizing such proof without an allegation of forgery. The charge of forgery directed against the Whitakers only did not meet the requirements of the situation, as the City Café was vitally interested in maintaining the genuineness of Martin's signature and the averment of forgery should also have been made a cause of action against it by the bank.

In September, 1932, more than a year after the dismissal of the suit, the bank filed what it terms an amended petition, in which it is asking judgment against the City Café, in the event that the court should hold the check to have been a forgery and for that reason denies relief against C. L. and C. C. Whitaker.

In the case above cited, Tremont Lumber Co. v. May, 143 La. 389, 78 So. 650, the court said:

"A petition which does not show a cause of action is one on which no judgment can be pronounced, and is, legally speaking, no petition, and hence cannot be amended."

We rendered a judgment in the original

suit herein, which is at least binding on this court, holding that plaintiff bank had shown no cause of action and for that reason dismissed the suit of the bank as against the City Café.

There was therefore nothing to amend on the present demand, as no cause of action had been set out by the bank against the City Café, in its original suit. The lower court should not have allowed the petition termed an amendment, and in that respect the court was in error.

In this amended petition, the bank, as against the City Café, merely reiterated the allegations of its original petition in which no cause of action was alleged and makes no charge that the signature of R. E. Martin, as an indorser of the check, was a forgery. In this, its supplemental or amended petition, if the bank had alleged the forgery of R. E. Martin's signature, this supplemental petition, as it is shown that it was served on the City Café, would be considered as the beginning of a new suit. Tremont Lumber Co. v. May, 143 La. 390, 78 So. 650. There was, however, no such allegation, and therefore no new suit filed herein against the City Café which filed an exception of no cause of action leveled at the original and supplemental petition. This exception was maintained by the district judge, and correctly.

Judgment affirmed.

ELLIOTT, Judge (dissenting).

The facts of this case are as stated in the opinion of the majority of the court. The plaintiff bank cashed a check for the City Café and now finds it necessary to proceed against the maker and indorsers to recover the amount. In a former appeal, acting on the same petition, the court held affirming the judgment of the lower court that the petition, as against City Café, disclosed no cause of action. The case was returned to the lower court, whereupon the plaintiff bank filed an amended and supplemental petition in which it avers:

"Now your petitioner shows that by answer filed herein on the 23rd day of May 1931, the defendants G. L. Whitaker & Son * * * have denied any liability to your petitioner on the check herein sued upon, on the grounds as set out in Article 9 of their answer, that the endorsement thereon purporting to be the endorsement of R. E. Martin is a forgery.

"That City Café a commercial partnership composed of Martin Miranda and Edwin F. Kinberger, having endorsed said check and having received from petitioner the sum of $193.52 thereon as set out in the original petition herein, the allegations of which are here reiterated and made part hereof, are the warrantors of petitioner in so far as the genuineness of the signatures of all the prior endorsers appearing thereon are concerned, particularly the endorsement thereon of R. E. Martin one of the payees thereof, are interested in the outcome of this suit, and are necessary parties thereto."

The prayer is: "In the event this Honorable Court should hold and find that the endorsement of R. E. Martin appearing on said check is a forgery and simulation, and for that reason deny to petitioner a judgment against the said Whitaker & Son, that your petitioner have and recover judgment against City Cafe and E. F. Kinberger and Martin Miranda in solido in the full sum of $193.52."

The original demand was for judgment against City Café, that is Kinberger and Miranda, Whitaker & Son, and R. E. Martin in solido.

The demand in the amended and supplemental petition is for judgment against City Café only in the event the court holds that the indorsement of R. E. Martin is a forgery.

I will add here that Whitaker & Son filed exceptions to the amended and supplemental petition which were overruled. The ruling in that respect was not appealed from, consequently any discussion of the exceptions filed by them is unnecessary. City Café, that is E. F. Kinberger and Martin Miranda, excepted to the amended and supplemental petition as an attempt to change the substance and nature of the demand after issue joined. The lower court sustained that exception in a written opinion, and it is that ruling which the majority opinion affirms holding that the amended and supplemental petition is in effect but an effort to amend the original petition after it had been held that it set forth as against City Café no cause of action and that there was nothing to amend. It is on this subject that I differ with the majority of the court. Supposing the majority opinion to prevail, City Café will not be a party to the present suit. The answers of Whitaker & Son and of R. E. Martin show that their defense is that the indorsement of R. E. Martin is a forgery. They may convince the court that it is true. In that event there will be judgment rejecting plaintiff's demand against Whitaker & Son and R. E. Martin.

If that takes place, then plaintiff will have the right to bring an action anew against City Café, that is E. F. Kinberger and Martin Miranda, who may be expected to plead and show, if they can, that the indorsement of R. E. Martin is genuine or authorized. Should this defense be made good, which is possible, then there will be judgment rejecting plaintiff's demand against them. Such a result would be a defeat of justice. It is evident from the pleadings and situation that the defense of Whitaker & Son and of R. E. Martin is in conflict with that which must be adopted, if any is attempted, by City Café.

When the question is one of forgery vel non

and it is evident that the interest of several parties are in conflict on the subject, then all parties interested in the result of the determination should be brought before the court, to the end that the controversy may be settled contradictorily with them all in the same suit. The rule is necessary not only in the interest of justice but to prevent a multiplicity of suits. Lauterbach v. Seikmann, 125 La. 839, 51 So. 1008; New York Life Ins. Co. v. Dorsett, 152 La. 67, 92 So. 737; Cassard v. Woolworth, 165 La. 571, 115 So. 755. There is another reason. City Café is, under the law, but a surety for the plaintiff as to prior indorsements. The law provides that "the creditor may include in the same suit, both the debtor and the surety." Civ. Code, art. 3051. The course pursued by the bank on the return of the case is supported by Peretz v. Peretz, 1 Mart. (O. S.) 219, and Lafonta v. Poultz, 6 Mart. (N. S.) 391, cited in plaintiff's brief. Amendments are favored when they tend to accomplish justice and prevent a situation such as will exist if the amendment is rejected.

For these reasons I take the position that the amendment should be allowed, the judgment appealed from set aside, the exception overruled, and the case remanded, to the end that it may be put at issue by City Café as warrantors of the indorsement in question, and the question of forgery determined contradictorily with all interested therein.